## MACON SASH, DOOR & LUMBER CO. *v.* GUNN, for use.

Where by express agreement the payee of a promissory note released the maker from all liability thereon and was to look exclusively for payment of the amount named in the note to a third person, who, with knowledge of the fact of release, undertook and promised to pay that amount, the payee could not maintain, either for the use of such third person or one claiming under him, an action upon the note against the maker.

Argued March 7, — Decided April 6, 1900.

Certiorari.    Before Judge Felton.    Bibb superior court. April term, 1899.

*B. J. Fowler* and *A. L. Dasher,* for plaintiff in error.

Совв, J.   D. F. Gunn brought suit in a justice's court for the use of F. S. Hardeman & Company against the Macon Sash, Door and Lumber Company (hereinafter referred to as the Lumber Company) upon a promissory note for $83.33, dated May 28, 1896, due February 1, 1898, and payable to " George B. Turpin & Sons, agents of D. F. Gunn, or bearer." To this suit the defendant pleaded that Bowdre & Company, Gunn, and himself had entered into an agreement whereby he had been released from all liability on the note sued on, and that Bowdre & Company were to be liable therefor. The trial in the justice's court developed the following facts: Gunn was the owner of a storehouse, and leased the same for a term to the Lumber Company. The rent was to be paid monthly, and the Lumber Company executed and delivered to Gunn its promissory notes for the monthly installments of rent. Before the term of the Lumber Company had expired it transferred its lease to Bowdre & Company. This transfer was assented to by Gunn, who, with Bowdre & Company and the defendant, entered into an agreement whereby Bowdre & Company were to indorse the notes of the Lumber Company and become responsible for the future rent, and the Lumber Company was to be relieved from all liability therefor. The Lumber Company agreed to deliver possession of the property on January 1, 1898, but did not surrender possession until January 7. Hardeman & Company, having entered into possession under some arrangement with

Bowdre & Company, the character of which is not disclosed in the evidence, paid to Gunn the amount of the note sued on. The jury returne´d a verdict in favor of the plaintiff for $19.40, which was in effect a finding that the defendant was liable for seven days rent. The defendant carried the case by certiorari to the superior court, and upon a hearing thereof the judge overruled the certiorari and affirmed the judgment of the justice's court. To this ruling the defendant excepted.

The Lumber Company having failed to vacate the premises on the 31st of December, 1897, and having occupied the same for seven days thereafter, it may be that it is liable to Bowdre & Company, or to Hardeman & Company if they are the assignees of Bowdre & Company, for a sum which would amount to the rental value of the premises for seven days. ,But even if this be so, the right of action would not be upon the note given to Gunn, for Bowdre & Company, Gunn, and the Lumber Company had expressly agreed among themselves that the latter was discharged from all liability whatever on the note, and Bowdre & Company under that agreement were to pay this note. If by the failure of the Lumber Company to surrender possession Bowdre & Company were damaged to the extent of the rental value of the property for seven days, their remedy, or the remedy of their assignees Hardeman & Company, would be by an appropriate suit for damages growing out of the breach by the Lumber Company of its agreement to vacate the premises on December 31, 1897. It does not distinctly appear how Hardeman & Company became connected with the transaction in question, but even treating them as the lawful assignees of Bowdre & Company, which is the only capacity in which they claim to be interested in the present litigation, their rights are no greater than those of Bowdre & Company, and therefore they would have no right of action upon the note. Certainly Gunn, who was a party to the agreement by which the Lumber Company was discharged from all liability on the note payable to him, could not maintain suit thereon in his own name either for his own use or for the use of any other person whomsoever. The judge erred in not sustaining the certiorari.

*Judgment reversed. All .the Justices concurring.*