ELDER v. JOHNSON et al.

1. It is not erroneous to overrule a written motion to strike a "part" of an answer when the "part" referred to is not set forth in the motion, and there is nothing in the answer to which the words used in the motion as descriptive of the portion of the answer sought to be stricken are applicable.

2. A tender by the holder of a bond for title, to the maker thereof, of the amount due upon a promissory note therein described, coupled with a condition that the latter shall execute the conveyance which such holder is entitled to receive upon paying the note, is not, under the law embraced in the Civil Code, § 3728, a valid and lawful tender.

Submitted May 1, — Decided June 9, 1902.

Equitable petition. Before Judge Reagan. Fayette superior court. September 17, 1901.

*Hugh M. Dorsey* and *J. W. Wise*, for plaintiff.
*J. F. Golightly* and *King & Spalding*, for defendants.

LUMPKIN, P. J.    Miss M. A. Elder brought, in the superior court of Fayette county, an equitable proceeding against Mrs. Lula C. Elder as administratrix on the estate of C. C. Elder, deceased, Margaret Hosford, and L. B. Nelson. Subsequently B. L. Johnson was, at the instance of the plaintiff, made a party defendant. Answers were filed by both Mrs. Elder and Johnson.

1. At the trial the plaintiff presented a written motion "to strike that part of the answer of Mrs. Lula C. Elder which alleges fraud on the part of C. C. Elder, her husband and deceased intestate," and also to strike all of the answer of Johnson, " because it sets up no defense other than the one above set out, upon which he jointly insists with Mrs. Lula C. Elder," the grounds upon which this motion was based being that Mrs. Elder was estopped to set up this defense, and that Johnson, under the facts disclosed by his answer, had no interest whatever in the matter to which such defense related. The motion was overruled, and the plaintiff excepted. After a most careful examination of the answer of Mrs. Elder, as it appears in the record before us, we are unable to find any mention whatever of any alleged fraud on the part of C. C. Elder ; and the same is true with respect to the answer filed by Johnson. This being so, we can not undertake to further deal with the assignment of error touching the refusal of the trial judge to sustain the plaintiff's motion to strike.

2. After the close of the testimony offered in behalf of the plaintiff, a nonsuit was granted, and to this also she excepted. It is not necessary to set forth in detail the exact nature of her petition, or to state in full the facts brought to light by the evidence offered in support thereof. Suffice it to say that it was incumbent upon the plaintiff, in order to make out her case, to show that, as transferee of a bond for title which Margaret Hosford had executed and delivered to C. C. Elder, she (Miss Elder) had made a legal tender of the amount due upon a promissory note, the payment of which was a condition precedent to the right to demand the execution of a deed under that bond for title. The testimony introduced by the plaintiff for the purpose of showing that such a tender had been duly made failed to establish this branch of her case. It did appear that an agent of Miss Elder offered to pay Nelson, who was the agent of Margaret Hosford, the amount due upon the note, provided the deed called for by the bond for title should be delivered to Miss Elder; but, according to the decision of this court in *De-Graffenreid* v. *Menard,* 103 *Ga.* 651, this proposal did not meet the requirements of the Civil Code, § 3728. We are therefore constrained to hold that the plaintiff failed to establish a fact essential to her right to demand the relief sought; and accordingly, even granting that her case was in all other respects fully made out, it follows that the judgment of nonsuit must be sustained. As this ruling finally disposes of the case, we do not undertake to pass upon other questions presented by her bill of exceptions, a decision of which in her favor could not possibly lead to a disposition of this writ of error other than that just indicated.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*