*Twiggs & Gazan,* for plaintiff.   *H. W. Johnson,* for defendant.

---

3629. JOHNSON & MURPHY *et al. v.* GLOBE DRY GOODS Co. *et al.*

RUSSELL, J.  Where it appeared from the record that the suit was filed eight days after the maturity of the note sued on, and consequently that the plaintiff had not given and it was not possible to give the ten days' notice required by law, to entitle him to recover for attorney's fees stipulated in the note, it was not error for the presiding judge, on proper motion at the same term in which a judgment by default had been rendered, to reopen the record and amend the judgment, so as to strike from it a recovery of attorney's fees. The decision is controlled by the ruling of this court in *Mt. Vernor Bank* v. *Gibbs,* 1 *Ga. App.* 665 (58 S. E. 269). Prior to the maturity of a note which provides for the payment of attorney's fees the right of the creditor to collect these fees is embryonic only. It can not have active existence until after the debtor fails to pay (after maturity of the contract and after notice), because prior to that energizing period the law denies it active life. The liability to pay attorney's fees upon a note is contingent upon the failure of the debtor to pay his obligation after ten days' notice of an intention to sue is given him. Civil Code (1910), § 4252. The service of the ten days' notice by the plaintiff clothes him with a right which he would not otherwise possess. *Rylee* v. *Bank of Statham,* 7 *Ga. App.* 500 (67 S. E. 383).

*Judgment affirmed. Pottle, J., not presiding.*

DECIDED SEPTEMBER 24, 1912.

Motion to amend judgment; from city court of Waycross—Judge T. A. Parker presiding. June 13, 1911.

*Parks & Reed,* for plaintiffs.

*Wilson, Bennett & Lambdin,* for defendants.