## GAFFORD *v.* TWITTY; *et vice versa.*

1. Where a vendor of land executes and delivers to the vendee a bond for title providing for the payment of the purchase-money in instalments and the execution of a deed of conveyance when the payment of the purchase-money is complete, and the vendee transfers such bond to another person, the latter is not subject to the obligation of the contract of sale, except upon his option to enforce it by specific performance.

2. Where the vendee, the obligee in the bond referred to above, transfers the bond to a third party, and the vendor sues the vendee and his transferee jointly, the latter can not, after having obtained a dismissal of the suit as to himself, be heard to urge a plea and answer setting up fraud and deceit upon the part of the vendor's agent, whereby he was induced to purchase the property from the original vendee, and made certain payments of the purchase-money, but thereafter discovered defects in the title and the existence of liens upon the property, and thereby secure a rescission of the contract and a judgment for the purchase-money which he has actually paid and for other amounts he has paid for taxes and insurance; for when, upon his own motion, he has himself eliminated from the case as a defendant, he can no longer urge that part of his defense upon which he based his prayer for affirmative relief.

Nos. 3277, 3288. DECEMBER 15, 1922.

Equitable petition. Before Judge R. C. Bell. Mitchell superior court. April 13, 1922.

Mrs. T. E. Twitty brought suit against R. W. King and J. A. Gafford, alleging in her petition, that she had sold to the defendant King a certain described house and lot for the price of $2,950; that she gave King a bond for title, conditioned to make to him or his transferee good and sufficient title in fee simple, upon the payment of the specified sums of money according to the terms of the bond; that thereupon King took possession of the house and lot, and paid certain instalments of the purchase-money as they fell due; that in the year 1920 King transferred the bond for title to Gafford, and Gafford went into possession and has so remained; that Gafford also paid the purchase-money instalments due under the contract after he went into possession, until the first day of April, 1921, at which time he notified petitioner that he would not make further payments; that the instalments past due amount to $150, and by reason of the default in payments all of the balance of the purchase-money under the contract is now due and payable; that the aggregate amount of the payments made by King and

Gafford is $985, leaving the amount due $1,965, with interest; and the suit of petitioner is to recover this amount.

King filed no defense to this suit. Gafford filed his plea and answer at the appearance term, and subsequently amended. In his answer he admitted being the transferee of the bond, and that he had paid certain instalments of the purchase-money as they fell due. He alleged: that before he concluded the trade with King or had the bond for title assigned to him, he told King and T. E. Twitty (the latter being the husband of the plaintiff, and her agent in the sale of the property) that before he concluded the trade he desired to look up the record of the title to the property; but Twitty stated that the title was good, that "his wife's bond was behind it, that the defendant need not go to the trouble of having the records investigated, as it would be a useless expense, that King had had the titles looked up before the bond was made to him in the first instance, and the title was good. The defendant then and there, relying upon the statements of King and Twitty, paid King the amount which the latter had paid on the purchase-money of the property; and the bond for title was at the same time transferred to him, the transfer being written by Twitty, the agent of the plaintiff, and signed by King. Twitty and King both knew at the time that the title to the property was in a certain loan company, a foreign corporation, to secure a loan of some $4,000, made to the plaintiff. King knew of this fact as well as Twitty, and what was done by King and Twitty was said and done with the intent to deceive defendant, and did fraudulently deceive and mislead him. When defendant ascertained the facts he informed Twitty, the agent of petitioner, that he would make no further payments until the encumbrance was removed and the property released. Twitty refused to secure the release, and the defendant offered the property back to Twitty upon his paying to the defendant the amount which had been paid as purchase-money for the property, together with the amounts which had been paid by the defendant for insurance, taxes, and repairs, after deducting a reasonable amount for rent; but Twitty would not agree to this. Defendant then offered to pay the instalments due in one of the banks of Camilla, to be paid Twitty when the loan company released the property. Twitty also refused to consider this proposition. Defendant further offered to pay the instalments that fell

due, if a proper indemnity bond was given. All of these propositions were made immediately upon the discovery of the fraud which had been perpetrated upon defendant. He prayed for a rescission of the contract; for a judgment for the amounts paid, together with certain sums for insurance and taxes, less a reasonable amount for rent during the time defendant has been in possession of the property; and that the judgment be a special lien on the property described in the petition, and a general judgment against the plaintiff.

At the trial term Gafford made an oral motion to dismiss the petition as to himself. The court sustained this motion. The plaintiff then demurred generally to the plea and answer of Gafford. This demurrer was sustained. To this judgment Gafford excepted, and brought the case to this court by direct bill of exceptions. The petitioner filed a cross-bill of exceptions, excepting to the dismissal, upon the motion of Gafford, of her petition as to him.

*C. E. Crow* and *B. C. Gardner,* for Gafford.

*A. S. Johnson,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The court did not err in sustaining the motion of the defendant Gafford to dismiss the plaintiff's petition as to him. He was not subject to the obligation of the contract of sale. As transferee of the bond he would have been entitled, upon completing the payments of the purchase-money, to enforce the bond by specific performance had the vendor refused to convey. If the assignee of the vendee of the property had assumed or agreed to assume the debt due petitioner for the purchase of the property, upon proper allegations thereof he would have been jointly liable in the suit to the original vendee. But in the absence of a proper allegation showing that the transferee of the bond for title had assumed the debt due the petitioner by the vendee, the petition was demurrable generally on the ground that it did not set forth a cause of action against the transferee. *Couch* v. *Crane,* 142 *Ga.* 22 (82 S. E. 459). In the petition in the case just cited there was an allegation that the defendant, the transferee, "assumed or agreed to assume the debts due petitioner [the obligor in the bond]," and it was also shown in that case that the transferee of the bond had entered into possession of the property, just as in the present case. But it was there held that the allegation

of the assumption of the debt by the transferee of the bond was open to attack by special demurrer; as the defendant was entitled to specific allegations on this point, that is, allegations showing clearly the assumption of the debt, and how the transferee of the bond became liable for it. Counsel for the plaintiff in this case relies upon the case of *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986) ; but this latter decision does not change or modify the ruling in the case of *Couch* v. *Crane,* supra. The facts in the two cases are different. The ruling in the case of *Morgan* v. *Argard* is based upon the alleged fact, in addition to the facts in the present case, that the transferee of the bond for title had assumed and agreed to pay the balance of the purchase-money. In this latter case it was said: " Where a vendor executed and delivered his bond conditioned to make to his vendee a good and sufficient title to certain land upon the payment of the balance of the purchase-money, and the vendee for a valuable consideration transferred the bond, together with his interest in the land, to a third person who assumed and agreed to pay the balance of the purchase-money, the vendor, not being a party to the contract, can not in an action at law enforce the promise of the third person. Nevertheless, in such a case, the vendor may maintain an equitable action against the vendee and his transferee, in the county of the latter's residence, to recover a judgment for the balance of the purchase-money, with a special lien upon the land. A court of equity, in order to grant full and adequate relief, having before it as parties the three persons referred to, may adjust in one suit the rights of all of them. The ruling in *Baker* v. *City National Bank,* 94 *Ga.* 87 (2), 88 (21 S. E. 159), considered and distinguished."

2. The court having, upon motion of Gafford, one of the joint defendants, sustained his general demurrer to the petition, he was thereby eliminated as a party from the case. This was done upon his own motion. And having secured by general demurrer the benefit of dismissal from the case as one of the joint defendants, he could not then urge the defense set up in his plea and answer. nor was he thereafter entitled to urge that part of his answer which was in the nature of a cross-action. It is unnecessary to discuss whether or not, if he had not himself secured his dismissal from the case as one of the joint defendants, he might have urged and maintained the cross-action. It sufficiently disposes of the

issues of this case to rule that when he took himself out of the case as a defendant, he took himself altogether out of the case. He left the case standing as one between the petitioner and her vendee; and he could not, in a case between those two parties, have his rights as against the petitioner or her agent adjudicated. He could not put himself in a position where he would be shielded from attack, and yet use that position as vantage ground from which to attack the party who had offered to join issue with him. If there was upon the part of the vendor, or of one who was her agent duly authorized to act for her in the matter, such fraud and wilful misrepresentation of material facts, made to induce the defendant Gafford to act, and he did act thereon to his injury, and in other respects he brings himself within the provisions of sections 4409 and 4410 of the Civil Code, which give a right of action for fraud and deceit, it may be that he can maintain his action against the vendor, or the vendor and her agent; but upon that question we do·not now pass.

It follows from what we have said above, that the judgment of the court below is *affirmed* upon both the·main bill and the cross-bill of exceptions. *All the Justices concur.*