15940. HOLT *v.* EMPIRE TIRE & RUBBER COMPANY.

A person may be substituted as a debtor in place of one who is only a surety or a guarantor, and an agreement to that effect is not within the statute of frauds, although the obligation of the primary debtor is not extinguished. The petition in this case did not seek to hold the defendant answerable for the debt, default, or miscarriage of another, but was founded upon an original undertaking, whereby the defendant was substituted in the place of one obligated to the plaintiff as a guarantor. The agreement was not one required by the statute of frauds to be in writing, and the demurrer seeking an application of the statute was properly overruled.

DECIDED APRIL 16, 1925.

Complaint; from city court of Atlanta—Judge Reid. September 16, 1924.

Empire Tire & Rubber Company brought suit against Floy L. Holt, and made the following case: On September 26, 1923, Motor Tire Company owed the plaintiff $7,706.25 on an open account for merchandise, for the payment of which the plaintiff held the guaranty of L. B. Holt, who at the time was being sued thereon. The defendant in the present action was the manager and principal stockholder of Motor Tire Company, which on the date mentioned was insolvent and in process of liquidation. Under these circumstances the plaintiff made an agreement with him and L. B. Holt

to the following effect: "L. B. Holt settled his liability on the basis of $5,000, in consideration of which the suit against [him] was dismissed; the settlement with L. B. Holt for an amount less than his entire liability was made on the condition that a deduction of $1,000 be allowed from said account, because of alleged defective merchandise, and on further condition that the balance of $1,706.25 would be settled by defendant by returning tubes of a value of $500, then represented to be on hand and ready to be returned, and a further payment by the said defendant Floy L. Holt of the balance at the rate of $100 per month; that it was also agreed that the terms of said agreement be reduced to writing, but that the suit should be immediately dismissed as to L. B. Holt, he having at that time paid $2,500 in cash and had tendered his notes for the balance." The agreement was duly drafted and submitted to the defendant for his signature, but he failed, on demand, to execute it. It is alleged that the plaintiff fully performed its part of the agreement by discharging L. B. Holt from liability under his guaranty, and that it would be a fraud on the plaintiff if the defendant should be allowed to refuse performance on his part. After crediting the cash payment and the notes of L. B. Holt, and making the deductions called for by the agreement, except for the tubes which were never returned, and after the allowance of a further credit of $552 collected by the plaintiff by levy upon and sale of certain assets belonging to Motor Tire Company, made at the direction of the defendant, there remained a balance of $1154.24 for which the defendant Floy L. Holt was liable and for which the plaintiff prayed judgment. A general demurrer to the petition was overruled, and the defendant excepted.

*Troutman & Troutman,* for plaintiff in error.

*Walter S. Dillon,* contra.

BELL, J. (After stating the foregoing facts.)

It appears from the allegations of the petition, whether we have fully shown it in the statement of facts or not, that the debt of Motor Tire Company was not extinguished. If it were sought, therefore, merely to hold the defendant Floy L. Holt answerable for the debt of the tire company, the alleged agreement between him and the plaintiff should, under the statute of frauds, have been in writing, in order to be enforceable, unless there was such part performance by the plaintiff as would render it a fraud by

the defendant if the court did not compel performance by him. It is not necessary, however, to enter into a decision of whether, under the facts set out in the petition, the defendant could be held solely for the debt of the tire company.

Properly construed, the action is founded upon an original undertaking wherein the defendant was substituted as the plaintiff's debtor in the place of L. B. Holt, the guarantor. Considering the allegations as true, as must be done on demurrer, the original guarantor, upon the payment of $5,000 or the equivalent, was entirely released and discharged from further liability, and the defendant Floy L. Holt, in consideration of such releasé and discharge, was substituted in his stead for the balance of the indebtedness, less the deduction of $1,000 on account of defective merchandise. It is immaterial whether the tire company continued liable or not.

A party may be substituted as a debtor in place of one who is only a surety or a guarantor, and an agreement to that effect is not one falling within the operation of the statute of frauds, although the obligation of the primary debtor is not extinguished. Indeed, in such a case the surety or guarantor is considered as the primary debtor for the purpose of determining the rights and liabilities of the parties to the new agreement. "An agreement between a creditor, his debtor, and a third person, whereby such third person, in consideration of the creditor's releasing the debtor, agrees to pay the amount of the debt to the creditor, and as part of the agreement the creditor releases his debtor and agrees that such third person shall be substituted for the debtor, is not within the statute of frauds; the debt is extinguished as to the debtor, and the third person becomes, by substitution, the debtor in his place. *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798 (51 S. E. 714)." *Harris* v. *Jones,* 140 *Ga.* 768 (1) (79 S. E. 841); *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233 (2) (75 S. E. 425); *Williams* v. *Garrison,* 21 *Ga. App.* 44 (1) (93 S. E. 510), and cases cited.

The court did not err in overruling the demurrer.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*