16405.   JEANES *v.* ATLANTA & LOWRY NATIONAL BANK.

1. Where a bond for title to real estate provided that the obligors should make title to the obligee only after payment of certain notes for the purchase-money, the mere failure to convey title to him before payment of the notes constituted no breach of the bond. A tender, properly made, might have been equivalent to performance, but one of the requisites of a valid tender is that it must be unconditional, except for a receipt in full or delivery of the obligation; and a tender in such case was not good where it was coupled with the condition that

the obligors should execute the conveyance to which the obligee was to be entitled on paying the notes.

2. In a suit upon such notes the defendant's answer set forth no defense and the court did not err in striking it.

DECIDED NOVEMBER 18, 1925.

Complaint; from city court of Atlanta—Judge Reid. March 16, 1925.

Atlanta & Lowry National Bank, as indorsee without recourse, filed suit on two promissory notes, one for $500 and the other for $409.60, against Ben F. Jeanes, alleging as follows: that the notes sued on were executed by the defendant, payable "to the order of R. H. McLarin and C. R. Harvey," for a part of the purchase-price of certain land described in a bond for title from R. H. McLarin and C. R. Harvey to the defendant. The bond for title was mentioned in each of the notes, and by reference was made a part thereof.

The defendant filed an answer in which he alleged: "that the said Harvey and McLarin now fail and refuse to make him title to said land in accordance with the terms of said bond, although he has paid all of the purchase-price thereof, except the amount alleged to be due on the notes sued on, and although he has offered to pay this amount provided he is given title to said land in accordance with said bond for title, although he has offered to pay it the amount alleged to be due on said notes provided it would secure for him title to said land. Defendant shows that he is ready and willing to pay the amount sued for, provided he can get a title to this land in accordance with the terms of the said bond for title, but he denies that he should be required to pay said notes until the terms of said bond for title are complied with."

A copy of the bond was annexed to the defendant's answer, as an exhibit and contained the following provision: "Now, if the said party of the second part shall well and truly pay the said several sums of money at the time specified, then the said party of the first part is bound to make and execute to the party of the second part or his assigns, a good and sufficient title to the above-described lot or parcel of land; but on failure of the said party of the second part to pay the said sums of money or either of them at the times specified, then the said obligation to be void and of no effect."

The court sustained a general demurrer to the answer and allowed the plaintiff to take a verdict and judgment for the amount sued for, and the defendant excepted.

*H. A. Allen,* for plaintiff in error.

*King, Spalding, MacDougald & Sibley, Estes Doremus,* contra.

BELL, J. The answer presented no issue of fact for determination by the jury, and the court did not err in striking it. Properly construed, it does not allege an absolute refusal by the parties who were to convey title to comply with their contract, but avers merely that they failed to make the conveyance in response to the defendant's offer to pay as soon as the conveyance was made. Under the terms of the contract as evidenced by the bond for title and notes, the making of titles to the defendant was not a condition of his obligation to pay the notes, but payment of the notes was a condition precedent to his right to demand a deed. The obligors in the bond for title, under the terms thereof, were not required to execute title to the defendant until compliance with his own obligation to pay the purchase-price, or a proper tender of payment. The tender alleged to have been made was burdened with the unauthorized condition that the defendant should have a deed executed to him in accordance with the bond for title. According to § 4322 of the Civil Code (1910), a tender must be "unconditional except for a receipt in full or delivery of the obligation." The answer failed to show a breach of the bond, or any other reason why the plaintiff was not entitled to recover. See *DeGraffenried* v. *Menard,* 103 *Ga.* 651 (1) (30 S. E. 560); *Elder* v. *Johnson,* 115 *Ga.* 691 (2) (42 S. E. 51); *Morris* v. *Continental Ins. Co.,* 115 *Ga.* 53 (1) (42 S. E. 51); *Terry* v. *Keim,* 122 *Ga.* 43 (49 S. E. 736); *Smith* v. *Tatum,* 140 *Ga.* 719 (3 a) (79 S. E. 775); *Fraser* v. *Jarrett,* 153 *Ga.* 441 (3) (112 S. E. 487).

*Judgment affirmed. Jenkins, P. J., concurs.*

STEPHENS, J. I concur specially upon the ground that the plea fails to sufficiently allege a tender.