### 17162.  FORSYTH MERCANTILE COMPANY *v.* WILLIAMS.

1. "An agreement between a creditor, his debtor, and a third person, whereby such third person, in consideration of the creditor's releasing the debtor, agrees to pay the amount of the debt to the creditor, and as part of the agreement the creditor releases his debtor and agrees that

Contracts, 13 C. J. p. 705, n. 2; p. 715, n. 90.
Frauds, Statute of, 27 C. J. p. 154, n. 54.
Novation, 29 Cyc. p. 1131, n. 14; p. 1136, n. 38; p. 1137, n. 52; p. 1138, n. 55.

such third person shall be substituted for the debtor, is not within the statute of frauds; the debt is extinguished as to the debtor, and the third person becomes, by substitution, the debtor in his place." *Harris* v. *Jones*, 140 *Ga.* 768 (1) (79 S. E. 841).

(a) On application of the above principle to the facts of this case, the petition set forth a cause of action.

2. There is no law requiring that a promise to pay attorney's fees shall be in writing in order to be enforceable under the Civil Code (1910), § 4252. There was no merit in the ground of the demurrer challenging the plaintiff's right to recover of the substituted debtor attorney's fees as stipulated in the note of the original debtor.

DECIDED NOVEMBER 15, 1926.

Complaint; from Monroe superior court—Judge Persons. January 6, 1926.

*Willingham & Willingham,* for plaintiff in error.

*Smith & Smith,* contra.

BELL, J. E. M. Williams brought suit against Forsyth Mercantile Company and made the following case: In 1919, the plaintiff, Williams, sold to J. F. Fleming a tract of land, accepting Fleming's note, due January 1, 1925, for $5,000 of the purchase-money, and executing to him a bond for title binding Williams to convey the lands to Fleming or his assigns on payment of this note and the interest thereon as evidenced by other notes due annually. The principal note contained a promise by the maker to pay ten per cent. of principal and interest as attorney's fees, in case of default, etc. On or about January 7, 1921, Fleming transferred and assigned his rights under the bond for title to the defendant, Forsyth Mercantile Company. "At or about the time of the execution and delivery of said transfer and assignment and of the delivery of said bond for titles as last aforesaid, said defendant, Forsyth Mercantile Company, assumed said notes and undertook, agreed, and promised your petitioner to pay the same in consideration of said J. T. Fleming then and there transferring and assigning said bond for titles to said defendant, Forsyth Mercantile Company, which said J. T. Fleming then and there did, and in consideration of your petitioner releasing said J. T. Fleming from his obligation to pay said notes, which your petitioner then and there did. The arrangement and agreements in this paragraph mentioned, whereby said J. T. Fleming was released as the debtor of your petitioner and said Forsyth Mercantile Company was substituted as the debtor of your petitioner in lieu of said J. T. Fleming, were all parts of one and the same

transaction, concurred in by said J. T. Fleming, Forsyth Mercantile Company, and your petitioner." All of the principal and a part of the interest is past due, and the defendant fails and refuses to pay the same. Notice was given to the defendant, in terms of the statute, of the plaintiff's intention to bring this suit and to seek judgment for the attorney's fees "stipulated for in said note," in addition to principal and interest. The defendant filed demurrers, which the court overruled, and the defendant excepted.

1. Properly construed, the suit is founded not upon the notes executed by Fleming, but upon the substituted promise of the Mercantile Company. *Citizens & Southern Bank* v. *Union Warehouse & Compress Co.,* 157 *Ga.* 434 (7 *b*) (122 S. E. 327). This promise was the cause of action, the notes being set forth merely for the purpose of giving its metes and bounds. Such promise, under the allegations, was an original and not a collateral undertaking, and was not within the statute of frauds. *Harris* v. *Jones,* supra; *Foote* v. *Reece,* 17 *Ga. App.* 799 (1) (88 S. E. 689); *Holt* v. *Empire Tire Co.,* 33 *Ga. App.* 723 (127 S. E. 803); *Brooks* v. *Key,* 34 *Ga. App.* 387 (129 S. E. 913). In *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233 (2) (75 S. E. 425), cited by the plaintiff in error, the obligation of the original debtor continued, while here it was extinguished. *Macon Sash &c. Co.* v. *Gunn,* 110 *Ga.* 401 (35 S. E. 644).

The petition in the present case, unlike that in *Palmetto Mfg. Co.* v. *Parker,* 123 *Ga.* 798 (2), did not fail to show that the plaintiff was a party to the substitution agreement or that the defendant made to the plaintiff any promise to pay the debt. See, in this connection, *Gafford* v. *Twitty,* 154 *Ga.* 682 (1) (115 S. E. 105). The defendant's promise was subject to no conditions making it necessary for the plaintiff to allege that the defendant was in possession of the land or that the plaintiff was ready, willing, and able to convey title. *Loewenherz* v. *Weil,* 33 *Ga. App.* 760 (2) (127 S. E. 883); *Jeanes* v. *Atlanta & Lowry National Bank,* 34 *Ga. App.* 568 (130 S. E. 353); *Black* v. *Walker,* 98 *Ga.* 31 (1) (26 S. E. 477); *Riehle* v. *Bank,* 158 *Ga.* 171 (123 S. E. 124).

The petition set forth a cause of action.

2. The "special" demurrer (see *Douglas &c. Ry. Co.* v.

*Swindle, 2 Ga. App.* 550, 59 S. E. 600), challenges the plaintiff's right to recover attorney's fees, solely because there was no written promise by the defendant to pay the same. We know of no law requiring such a promise to be in writing in order to be enforceable, under section 4252 of the Civil Code. See, in this connection, *Demere* v. *Germania Bank,* 116 Ga. 317 (42 S. E. 488) ; *Oliver Typewriter Co.* v. *Fielder, 7 Ga. App.* 525 (67 S. E. 210). When the defendant agreed to stand debtor in place of Fleming, this included a promise to pay attorney's fees, subject to the same conditions as affected the liability of Fleming. *Amer. Mortg. Co.* v. *Rawlings,* 127 Ga. 82 (2) (56 S. E. 110) ; *Johnson* v. *Globe Dry Goods Co.,* 11 Ga. App. 485 (75 S. E. 822) ; *Turner* v. *Peacock,* 153 Ga. 870 (5) (113 S. E. 585). When these conditions were complied with, the defendant became responsible for this item, as well as for the principal and interest.

The court properly overruled the demurrers.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*