THOMAS *v.* MOORE *et al.*

No. 6992. NOVEMBER 15, 1929.

*Burress & Dillard,* for plaintiff.
*Wright & Davis,* for defendants.

HILL, J. Newton S. Thomas brought his petition against Mrs. J. W. Moore, George R. Thurman, W. M. Wilson, J. W. Moore, J. D. Greiner, and Moore & Greiner as a partnership, and alleged in substance the following: Newton S. Thomas executed a bond for title to W. M. Wilson, agreeing to convey certain described real estate for the consideration of $3,000, $40 of which was to be paid cash and 98 notes were to be given for $20 each, and the assumption of a $1,000 loan on the property in favor of Mrs. M. H. Gold. Wilson transferred the bond for title to George R. Thurman, who assumed the $1,000 loan and 87 of the unpaid notes of $20 each. The transfer was as follows: ' "Atlanta, Georgia, March 30, 1923. For and in consideration of the payment to me of $150 cash, the receipt of which is hereby acknowledged, the execution and delivery of 37 notes dated this date, in the sum of $5 each, payable monthly, the assumption of a loan of $1,000 now against the within described property, and the assumption of the remaining 87 unpaid notes of $20 each, plus accrued interest, I hereby sell, assign, and transfer unto George R. Thurman, his heirs and assigns, all my right, title, and interest in and to the within bond for title; and I hereby direct the grantor therein to issue warranty deed to said George R. Thurman in my place and stead upon the fulfilment by him of the obligations hereby assumed. [Signed] W. M. Wilson. Signed, sealed, and delivered in the presence of: C. E. Boebouon, G. H. Thomas, N. P., Fulton County, Georgia." Thereafter Thurman transferred this bond for title to Moore & Greiner, who, as a part of the consideration for the transfer, were to pay said $1,000 indebtedness

and the unpaid purchase-money notes. The transfer from Thurman to Moore & Greiner is as follows: "Georgia, Fulton County. For value received, I George R. Thurman, have transferred, sold, conveyed, and assigned, and do by these presents hereby transfer, sell, convey, assign, and deliver unto Moore & Greiner, a partnership composed of J. W. Moore and J. D. Greiner, all my right, title, and interest in and to the within bond for title and the land therein described. Upon their compliance with the terms of this bond for title I authorize and direct the obligor therein to execute to them warranty deed conveying the said described real estate. Witness my hand and seal this the 22nd day of March, 1924. George R. Thurman (Seal). Signed, sealed and delivered in the presence of: James C. Davis, Horace Sandiford, N. P., State at large, Atlanta, Georgia."

Mrs. J. W. Moore, the wife of one of the last transferees, subsequently purchased the $1,000 note and loan deed executed by Newton S. Thomas to Mrs. M. H. Gold, and filed suit in the municipal court of Atlanta, to foreclose the $1,000 loan. J. W. Moore paid said note and had it transferred to his wife for the purpose of trying to collect it from plaintiff in violation of his obligation to pay same in petitioner's stead. Mrs. Moore is not a bona fide holder of said note for value, but is holding it for her husband and in order to assist him in carrying out his scheme to make plaintiff pay it. The other defendants assumed said obligation and are liable to plaintiff to pay said indebtedness, and some of them are liable one to another according to their contracts set out. Plaintiff is entitled to judgment against all of the defendants for said amount, except Mrs. Moore in case it is found that she is a holder bona fide of said note. She should be required to set up her demand, if any, in this suit, which is brought in order to prevent a multiplicity of suits, and because plaintiff has no adequate remedy at law. He prays for judgment finding that the note held by Mrs. Moore has been paid; that, in case it is found that the note has not been paid, he have judgment against all of the defendants, except Mrs. Moore, for the principal and interest of the notes; for injunction against prosecution of the suit in the municipal court; and for general relief.

The court sustained a general demurrer of J. W. Moore, Moore & Greiner, and Mrs. J. W. Moore, and dismissed the petition as

to them. To this judgment the plaintiff excepted. The record does not disclose that service was perfected on Wilson and Thurman.

The controlling issue in the case is whether or not J. W. Moore became obligated and bound, under the terms of the transfer from George R. Thurman to Moore & Greiner, to pay a $1,000 loan and to pay the outstanding purchase-money notes, which he did not expressly agree to pay in the transfer, and did not assume under the terms of the transfer of the bond for title. It will appear from the bond for title that W. M. Wilson expressly assumed and agreed to pay the $1,000 loan, and that he executed the original purchase-money notes. Under the transfer from Wilson to Thurman, the latter expressly assumed and agreed to pay the loan of $1,-000 and the 87 unpaid notes of $20 each; and under the transfer from Thurman to Moore & Greiner, the latter did not assume the $1,000 loan or the unpaid purchase-money notes, and did not, expressly at least, agree to pay them or either of them. It appears, therefore, that Wilson did expressly assume the payment of the $1000 loan, and Thurman expressly assumed the payment of the $1,000, and also the unpaid notes of Wilson; and Moore & Greiner having taken a transfer of this bond for title for value received, without expressly assuming either the $1,000 loan or the purchase-money note, we are of the opinion that neither Moore & Greiner nor J. W. Moore became obligated and bound to pay this loan or the purchase-money notes. They certainly did not expressly assume and agree to be bound for the payment of either of them. But the plaintiff contends that Moore & Greiner became liable to pay them by operation of law. It is insisted, that, because Moore & Greiner took this property subject to these incumbrances, there arose a duty upon the part of Moore & Greiner to pay them off. But to this contention we do not agree. We are of the opinion that there is a difference between the transfer of Wilson to Thurman, in which the latter assumed expressly to pay these incumbrances, and the transfer from Thurman to Moore & Greiner, with no agreement to assume or to pay either the $1,000 loan or the purchase-money notes, in the absence of an express agreement to do so. The principle involved has been decided by the court many times; and we are of the opinion that the decisions uphold the trial judge in dismissing the petition brought by the plaintiff, Thomas.

In *Couch* v. *Crane,* 142 *Ga.* 22 (82 S. E. 459), this court said: "One of the prayers of the petition was for a judgment against Mrs. Crouch, to be declared a special lien on the property. The defendant is not liable to the plaintiff on the basis that she was the assignee of the plaintiff's vendee; for it is well settled that the assignee of the vendee is not subject to the obligations of the contract, except upon his option to enforce specific performance. 6 Pom. Eq. Jur. § 851. If the assignee of the vendee is liable to the vendor, it is because of her assumption of the vendee's obligation. The petition alleged that the defendant 'assumed or agreed to assume the debts due your petitioner for the purchase of said property.' The defendant specially demurred to the sufficiency of this allegation as creating an obligation to pay the notes of the vendee, on the ground that the alleged contract of assumption and the consideration were not pleaded. The defendant was entitled to more specific allegation on this point, and the special demurrer ought to have been sustained." In *Gafford* v. *Twilly,* 154 *Ga.* 682, 684 (115 S. E. 105), it was said: "The court did not err in sustaining the motion of the defendant Gafford to dismiss the plaintiff's petition as to him. He was not subject to the obligation of the contract of sale. As transferee of the bond he would have been entitled, upon completing the payments of the purchase-money, to enforce the bond by specific performance had the vendor refused to convey. If the assignee of the vendee of the property had assumed, or agreed to assume, the debt due petitioner for the purchase of the property, upon proper allegations thereof he would have been jointly liable in the suit to the original vendee. But, in the absence of a proper allegation showing that the transferee of the bond for title had assumed the debt due the petitioner by the vendee, the petition was demurrable generally on the ground that it did not set forth a cause of action against the transferee. *Couch* v. *Crane,* 142 *Ga.* 22 (82 S. E. 459). In the petition in the case just cited there was an allegation that the defendant, the transferee, 'assumed or agreed to assume the debts due petitioner [the obligor in the bond],' and it was also shown in that case that the transferee of the bond had entered into possession of the property, just as in the present case. But it was there held that the allegation of the assumption of the debt by the transferee of the bond was open to attack by special demurrer; as the defendant was entitled to specific allegations on this point, that

is, allegations showing clearly the assumption of the debt, and how the transferee of the bond became liable for it. Counsel for the plaintiff in this case relies upon the case of *Morgan* v. *Argard,* 148 *Ga.* 123 (95 S. E. 986) ; but this latter decision does not change or modify the ruling in the case of *Couch* v. *Crane,* supra. The facts in the two cases are different. The ruling in the case of *Morgan* v. *Argard* is based upon the alleged fact, in addition to the facts in the present case, that the transferee of the bond for title had assumed and agreed to pay the balance of the purchase-money." In *Dunson* v. *Lewis,* 156 *Ga.* 692, 701, 702 (119 S. E. 846), it was said : "What are the rights of the vendor to which his vendee is subrogated? The assignee of the vendee is not subject to the obligation of the contract of sale, except upon his option to enforce it by specific performance. . . It is optional with the assignee, in the absence of an agreement to assume and pay the balance of the purchase-money, as to whether he is to complete the contract. 36 Cyc. 760. If he does not assume and agree to pay the balance of the purchase-money, the vendor can not proceed against him either at law or in equity to recover the same."

From these authorities we are of the opinion that the assignee, who has not agreed to pay and who has not assumed the incumbrances upon the land in controversy, is not bound to pay the same. In Elliott *v.* Sackett, 108 U. S. 132, 140 (2 Sup. Ct. 375, 27 L. ed. 678), it was said : "On the merits we are of the opinion that Elliott is entitled to the relief he asks by his original bill. The terms of the written agreement between Sackett and Elliott are very clear, and show that the parties were merely making an exchange of land. Sackett agrees to convey to Elliott the Calumet Avenue property, subject to the $9,000 incumbrance, and to assign an insurance policy, and to pay $50. Elliott agrees to convey to Sackett three lots subject to a specific incumbrance, and two other pieces of property clear of incumbrance. It is true that Elliott agrees to pay to Sackett $15,000, but the agreement expressly states that that sum is to be paid 'in the manner following,' which is by conveying the land described. The land to be conveyed to Sackett is apparently valued by the agreement, for the purposes of the transaction, at $15,000. Nothing is said about deducting the $9,000 from the price of the property to be conveyed to Elliott, nor is any sum named as the purchase-money of that property. An agreement

merely to take land, subject to a specified incumbrance, is not an agreement to assume and pay the incumbrance. The grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment of a mortgage, does not bind himself personally to pay the debt. There must be words importing that he will pay the debt, to make him personally liable. The language of the agreement in the present case does not amount to such an undertaking on the part of Elliott. It is only a statement that the conveyance is to be subject to the incumbrance, and creates no personal liability in the grantee. Such is the law in Illinois, where this land is situated: Comstock v. Hitt, 31 Ill. 542; Fowler v. Fay, 62 Id. 375; as well as the law in other States. Belmont v. Coman, 22 N. Y. 438; Fiske v. Tolman, 124 Mass. 254. The fact that Elliott made two payments of the interest on the incumbrance is not inconsistent with his not having assumed the payment of the incumbrance. As owner of the property subject to the incumbrance and desirous of retaining it so long as there was any value in the equity of redemption, he would naturally pay the interest to save a foreclosure."

From these authorities we hold that the petition in the present case does not set out a cause of action. Furthermore Mrs. Moore has the legal right to foreclose this $1,000 loan deed in the municipal court of Atlanta, and no sufficient reason appears as to why that foreclosure suit should be enjoined. In view of the foregoing, the court below did not err in sustaining the general demurrer and in dismissing the case.

*Judgment affirmed. All the Justices concur, except*

ATKINSON, J., dissenting. If a transferee of a bond for title accepts the transfer and takes possession under it, and the instrument of assignment expresses a covenant to be performed by the transferee, such acceptance would make the covenant binding upon the transferee, notwithstanding he did not sign the instrument. *Louisville & Nashville Railroad Co. v. Nelson*, 145 *Ga.* 594, 598 (89 S. E. 693), and cit. The instrument of assignment in this case contained the clause: "Upon their compliance with the terms of this bond for title I authorize and direct the obligor therein to execute to them warranty deed conveying the said described real estate." This was a covenant binding the transferees to perform all the obligations of the obligee in the bond for title, and was assumption of the original debt.