36390. HESTER, Administratrix *v.* HOME BUILDING & LOAN ASSOCIATION.

CARLISLE, J. Where a party borrows money on realty, under a security deed, from a home building and loan association under an agreement to repay the loan in monthly instalments; the borrower transfers the loan to the plaintiff's intestate and this is effected by one of the executive officers, acting in his official capacity, on the books of the home building and loan

322

association; the plaintiff's intestate acquires all such borrower's rights, privileges, and obligations; a pass-book is issued to the plaintiff's intestate by the defendant home building and loan association; and, it is agreed between the plaintiff's intestate and the home building and loan association, through one of its executive officers, that the home building and loan association will secure a contract of insurance covering the payment of the loan in the event of the death of the plaintiff's intestate (a usual and customary policy of the company), and that the plaintiff's intestate is to pay the premium for the policy in monthly instalments to the home building and loan association along with the payment on the loan; and, the plaintiff's intestate pays the monthly instalments on the loan and the monthly instalments on the premium for the insurance from the time of the transfer on September 4, 1951, to March 2, 1954 (the plaintiff's intestate having died March 26, 1954); and the official of the home building and loan association, with whom the agreement was made, assures him that he is covered by insurance, a debtor-creditor relationship exists between the home building and loan association and the plaintiff's intestate, by virtue of this contract between the parties which does not come within the statute of frauds (*Forsyth Mercantile Co.* v. *Williams,* 36 *Ga. App.* 130, 135 S. E. 755, and citations); and the failure of the defendant home building and loan association to secure the policy of insurance constitutes a breach of contract, the measure of damage for which is the loss to the plaintiff's intestate occasioned by such breach, and the defendant home building and loan association is estopped to insist upon payment of the loan or to sell the secured property upon failure of payment; and the trial court, in such a case, commits reversible error in sustaining a general demurrer to a petition brought by the plaintiff (wife of the intestate) against the home building and loan association for such breach. See generally in this connection *Southern Life Ins. Co.* v. *Citizens Bank of Nashville,* 91 *Ga. App.* 534 (86 S. E. 2d 370).

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JANUARY 10, 1957—REHEARING DENIED MARCH 18, 1957.

*Thomasson & Thomasson,* for plaintiff in error.

*Wyatt & Morgan, Lewis R. Morgan, James R. Lewis,* contra.

The plaintiff, Mrs. Mary D. Hester, as administratrix of the estate of T. M. Hester, brought an action for breach of contract against the defendant, Home Building & Loan Association, a corporation of LaGrange, Georgia. The material allegations of her petition as finally amended are substantially as follows: On September 4, 1951, Fred J. Reeves was employed by the defendant in the capacity of treasurer and assistant secretary. On July 30, 1951, Mrs. Vilma E. Hill procured a loan from the defendant corporation in the sum of $2,078 on certain described real estate, executing a security deed from her to the defendant, a copy of which is attached to and made a part of the petition. On September 4, 1951, Mrs. Hill sold and conveyed the described real estate to T. M. Hester under a deed made subject to the deed to secure debt which had been made to the defendant. A copy of this latter deed is attached to and made part of the petition. The loan from the defendant to Mrs. Hill was transferred on the defendant's books to T. M. Hester, and a loan pass-book was issued and delivered to T. M. Hester on that date. The balance due on the loan at that time was $2,078. This transfer was made in the office of the defendant under the supervision and direction of one of its executive officers, Fred J. Reeves, with the consent and approval of the defendant, and on the transfer of this loan, T. M. Hester acquired all of Mrs. Hill's rights and privileges with the defendant, and obligated himself to pay off the entire loan at the rate of $35 per month, plus the sum of $1.95 per month as a premium on term life insurance on his life. The transfer was evidenced by the delivery of a loan pass-book to Hester by Reeves, an executive officer of the defendant, and when this transfer was completed, it became a binding obligation on the part of Hester to pay off the loan in monthly instalments until it was paid in full. At the time the loan was transferred and entered on the books of the defendant, this matter was handled by Reeves in his official capacity as an executive officer of the defendant; that is, as the treasurer and assistant secretary. At the time of the transfer, Reeves, acting in his official capacity as an executive officer of the defendant, agreed with Hester to obtain a policy of term life insurance on Hester's life to cover the loan, payable to the defendant as its interest might appear.

When the loan transfer was completed, Reeves, acting in his official capacity as an executive officer of the defendant, informed Hester that he had term life insurance on his life, and that the loan was protected, and Hester, having trust and confidence in what the officer of the defendant told him, relied upon the representation that the loan was properly covered with term life insurance. Reeves, acting in his official capacity as treasurer and assistant secretary of the defendant, contracted with Hester to procure a term life insurance policy on Hester's life payable to the defendant to pay the balance due on the real-estate loan in the event of Hester's death. The defendant procures for its borrowers term life insurance on the lives of its borrowers with the Liberty Life Insurance Company, of Greenville, South Carolina. Such insurance pays off the unpaid balance due on the defendant's loans in the event of their deaths. It was, and is, the custom of the defendant to procure such insurance, to collect the premiums thereon, to remit them to Liberty Life Insurance Company, of Greenville, South Carolina, and in the event of the death of the borrower while the loan is outstanding, to collect the insurance and to apply it to the cancellation of the loan. It inures to the benefit of both the defendant and its borrowers to have such insurance, and for that reason, it is procured by the defendant for its borrowers. No policy of term life insurance was delivered to the insured, T. M. Hester. Mr. Hester died intestate March 26, 1954. The plaintiff was appointed administratrix of Hester's estate on December 6, 1954, and is the duly qualified and acting administratrix of his estate and brings this suit in that capacity. The first payment of $36.95 was paid on the loan on September 4, 1951, by T. M. Hester, $35 of which was for the principal and interest on the loan, and $1.95 of which was as premium on the term life insurance on Hester's life. These payments continued each month until Hester's death. The last payment was made March 2, 1954, just prior to his death. The premiums on said term life insurance were included in and collected with the payments on the real-estate loan, and these payments were not in default. The defendant fraudulently did not take out or procure the term life insurance on the life of T. M. Hester, as contracted with Hester, after collecting pre-

miums thereon from the date of the loan until just prior to Hester's death. The defendant breached its contract to procure this term life insurance and damaged the estate of Hester in the sum of $1,379.66. After Hester's death, the defendant admitted that it had collected insurance premiums from Hester and tendered these premiums to the plaintiff which she refused and which she still refuses to accept. These admissions and tender were made by Fred J. Reeves in his official capacity as an executive officer of the defendant. On Hester's death, the term life insurance, if it had been procured under the contract between Hester and the defendant, would have liquidated the loan on the realty so as to free it of indebtedness, but the defendant corporation refused to cancel the loan. On January 4, 1955, the defendant sold the property at public auction for the sum of $1,379.66, as shown by a copy of a deed which is attached to and made part of the petition. The defendant has breached its contract with Hester and has thus damaged his estate in the sum of $1,379.66, which sum would have enured to the benefit of his estate by paying off the balance due on the real estate, thus canceling the loan. On the date of the sale of the property by the defendant, neither T. M. Hester nor his estate was indebted to the defendant in any sum whatsoever, by reason of the defendant's having breached its contract with Hester to procure the term life insurance on his life.

The defendant filed general and special demurrers upon various grounds. The trial court sustained the general demurrers and dismissed the petition. The plaintiff assigns error here solely upon that judgment.