95 Ga. App. 321 (1957)
98 S.E.2d 58
HESTER, Administratrix
v.
HOME BUILDING & LOAN ASSOCIATION.
36390.
Court of Appeals of Georgia.
Decided January 10, 1957.
Rehearing Denied March 18, 1957.
Thomasson & Thomasson, for plaintiff in error.
Wyatt & Morgan, Lewis R. Morgan, James R. Lewis, contra.
*325 CARLISLE, J.
Where a party borrows money on realty, under a security deed, from a home building and loan association under an agreement to repay the loan in monthly instalments; the borrower transfers the loan to the plaintiff's intestate and this is effected by one of the executive officers, acting in his official capacity, on the books of the home building and loan *322 association; the plaintiff's intestate acquires all such borrower's rights, privileges, and obligations; a pass-book is issued to the plaintiff's intestate by the defendant home building and loan association; and, it is agreed between the plaintiff's intestate and the home building and loan association, through one of its executive officers, that the home building and loan association will secure a contract of insurance covering the payment of the loan in the event of the death of the plaintiff's intestate (a usual and customary policy of the company), and that the plaintiff's intestate is to pay the premium for the policy in monthly instalments to the home building and loan association along with the payment on the loan; and, the plaintiff's intestate pays the monthly instalments on the loan and the monthly instalments on the premium for the insurance from the time of the transfer on September 4, 1951, to March 2, 1954 (the plaintiff's intestate having died March 26, 1954); and the official of the home building and loan association, with whom the agreement was made, assures him that he is covered by insurance, a debtor-creditor relationship exists between the home building and loan association and the plaintiff's intestate, by virtue of this contract between the parties which does not come within the statute of frauds (Forsyth Mercantile Co. v. Williams, 36 Ga. App. 130, 135 S. E. 755, and citations); and the failure of the defendant home building and loan association to secure the policy of insurance constitutes a breach of contract, the measure of damage for which is the loss to the plaintiff's intestate occasioned by such breach, and the defendant home building and loan association is estopped to insist upon payment of the loan or to sell the secured property upon failure of payment; and the trial court, in such a case, commits reversible error in sustaining a general demurrer to a petition brought by the plaintiff (wife of the intestate) against the home building and loan association for such breach. See generally in this connection Southern Life Ins. Co. v. Citizens Bank of Nashville, 91 Ga. App. 534 (86 S. E. 2d 370).
Judgment reversed. Gardner, P. J., and Townsend, J., concur.