ROBERTS vs. THE GERMANIA FIRE INSURANCE COMPANY et al
and vice versa.

1. An action on a parol renewal of an insurance policy is demurrable.
2. An action on a policy of insurance, renewed or considered as renewed by parol, could not be amended, so as to recover against the insurance company for failing and refusing to renew the policy. Such an amendment having been made, there was no error in dismissing the case on demurrer.

February 9, 1884.

Insurance. Contracts. Actions. Amendment. Before Judge ADAMS. Glynn Superior Court. May Term, 1883.

On November 14, 1882, Mrs. A. E. W. Roberts, as the surviving partner of the firm of J. L. Roberts & Company, instituted a suit in Glynn superior court against the Germania Fire Insurance Company and the Hanover Fire Insurance Company. The declaration alleged as follows:

"On June 1, 1881, said firm took out a policy of insurance, issued by the Germania Fire Insurance Company and the Hanover Fire Insurance Company, both of the city of New York, as a joint policy, under the name of the "Underwriter's Policy," and doing business in said county through and by their agent, Thomas O'Connor, Jr., upon the property hereinafter stated; and the total amount of insurance was fifteen hundred dollars; and that the face of said policy was as follows:" (The declaration then set out the face of a policy for $1,500.00, issued by the companies named to J. L. Roberts & Company for one year from June 1, 1881, on a storehouse and stock of goods.) "Your petitioner further shows that, a few days before the said expiration of said policy, she made her application to the said defendants, through their duly appointed agent, for a renewal of said policy for one year upon the property aforesaid, which was of equal value as at the time of the issuing of the aforesaid policy, as all the property except the drugs and toilet articles were the same, and such drugs and toilet articles as had been sold had been replaced by others of equal value as those embraced in said original policy and stock, and which had been bought to replace sales; and petitioner shows that said application was made by her as surviving co-partner, and that she was then and there assured by the said defendants, through and by their agent, Thomas O'Connor, Jr., that her application was in, and that she was insured from the date of her application for renewal, but that no papers were given her, as the said agent said that he did not then have

time to make out said renewal of said policy, but would do so; and some days thereafter your petitioner again applied to said agent for some evidence of renewal of said policy, and was again told not to be uneasy, as she was all right, that her property was insured from the date of her application for renewal of said policy. Your petitioner further shows that, on the morning of the 17th day of June, 1882, after said renewal and during the time of. its continuance, the property aforesaid was destroyed by fire, without fault on the part of petitioner, and proved a total loss, and petitioner was damaged thereby in the sum of fifteen hundred dollars; that petitioner gave notice to said companies, defendants, of said loss, made proof of loss, and demanded payment thereof, but was told by the said agent, Thomas O'Connor, Jr., that she was not insured in defendants' companies, and unknown to them, and refused to pay her, your petitioner, the damages aforesaid, as they undertook and promised; and wherefore over sixty days has elapsed since said notice given and proof of loss made as aforesaid, and the said defendants still stubbornly refuse to pay said damages, your petitioner claims twenty-five per cent upon the liability of the said companies for said loss, and your petitioner also claims her reasonable attorneys' fees for the prosecution of this case against said companies, inasmuch as your petitioner claims that the refusal of said companies to pay said loss is in bad faith." Wherefore process was prayed.

The plaintiff subsequently moved to amend her declaration by inserting therein the following allegations:

"Petitioner further shows that, at the time she asked said renewal of and from said defendants, she proffered payment of the premium required, but was told by the agent that she need not make the payment at that time, but to wait until the evidence of renewal was given her, and that the payment could then be made, and that she might consider her property insured from the time of making her application; that he would make out the renewal at once, and bring it to her; that he was too busy at that time to do it. And your petitioner further shows that she acted in the most perfect good faith in her said application, and did all that could be required of her in law or equity; and that the contract made with said companies, defendants, was that they were to renew my policy, and that by their failure to do so petitioner was damaged by them in the sum total of said original insurance, by breach of their contract to insure. Your petitioner further shows that she relied fully upon the representations and promises of the said defendants, and fully believing that they had renewed her said policy, was lulled into fancied security by their fraudulent practice, and thereby prevented from insuring in other companies, which she would have done but for the practices aforesaid, inasmuch as there were a number of fire insurance companies

doing business in the city of Brunswick, where said property was loca-ted, who would have taken the risk upon said property and insured the same; and your petitioner further shows that she now and at all times has stood ready and willing to pay said premium, and would have done so but for the act of the agent herein aforesaid."

The amendment was objected to as introducing a new cause of action, but was allowed by the court. Subsequently the declaration, as amended, was demurred to, on the following grounds:

(1.) Because the declaration sets out no cause of action.

(2.) Because the contract sued on is void, because not in writing.

(3.) Because two distinct causes of action are joined in the declaration, as amended.

The demurrer was sustained, and the plaintiff excepted. Defendants also excepted to the allowing of the amendment, and filed a cross-bill of exceptions.

HARRIS & SMITH, by HARRISON & PEEPLES, for Roberts.

SYMMES & ATKINSON, by J. H. LUMPKIN, contra.

JACKSON, Chief Justice.

The original declaration is for the recovery on a policy renewed, or at least considered as renewed. The amendment is for failing and refusing to renew a policy. The amendment introduces a new cause of action, and was improperly allowed. Code, §3480. The original action was on a policy renewed, but not in writing, and was therefore demurrable, Code §2794; and there was thus no error in dismissing the action.

The plaintiff may, perhaps, recover on an original suit, like the amendment, under the decision in 43 *Ga.*, 583; but she must begin *de novo.*

Judgment affirmed.