## THOMAS v. FUNKHOUSER.

By the law of this State (Code, ?2794), a contract of insurance must be in writing, though the writing need not be delivered if in other respects the contract is consummated. Where it is not delivered, an agent whose duty it is to keep the property of his principal insured is under obligation to see that, in other respects, the contract is consummated; and on being sued for a breach of duty, the burden of proving that it was in fact consummated is on him. If he seeks to show this by evidence of a local custom whereby it was the practice of insurance companies to renew any policy about to expire by sending out a new policy shortly before the expiration of the former one and presenting a bill for the premium within a month or two after such expiration, the burden is on him to establish that this custom was complied with in the particular instance. If a new policy, though written up in the company's office, was never sent out, nor any bill for premium presented, nor any premium paid or tendered, and if the premises were destroyed by fire long after the usual time for thus consummating a renewal contract had elapsed, the agent is liable.

April 3, 1893. Argued at the last term.

Before Judge TURNBULL. City court of Floyd county. March term, 1892.

Mrs. Thomas sued Funkhouser for $1,000, alleging that previously to September 5, 1890, on that day and until and during May 6, 1891, he was her agent in Rome, Ga., and as such in charge of a house of which she was then the owner. As such agent it was his duty to rent the house and keep it insured against fire, etc., for which services he was to receive a commission on the rents collected. For a time he performed his duties as agent, and kept the house insured, but after September 5, 1890, he negligently failed to keep the house insured, and allowed a policy thereon of $1,000 to expire for nonpayment of premium. The policy was issued by the Rome Fire Insurance Company, September 5, 1890, and defendant could have obtained it by calling for it and paying the premium; but in violation of his duty he failed to pay the premium or secure the policy for her

benefit, and the policy was therefore cancelled by the company for non-payment. During the necessary time he had in his hands enough of her funds to pay the proper premium. He failed to take out any other insurance, and on May 6, 1891, when the house was destroyed by fire, there was no insurance upon it. It was worth $1,800 and was insurable for $1,000.

The defendant pleaded the general issue. The verdict was in his favor, and the plaintiff's motion for a new trial was overruled. The motion alleges that the verdict was contrary to law and evidence, and sets forth the following among other grounds:

The court charged: "Before the plaintiff would be entitled to recover of the defendant, she must show you from the testimony that the insurance company is not liable to her for the loss of her property by fire (if you believe that the same was destroyed by fire), or that said insurance company was discharged from liability to her by the misconduct and neglect of defendant." Assigned as error for the reasons that the proof showed that defendant was plaintiff's agent to procure insurance, that he undertook to procure it, and that it appeared *prima facie* that insurance had not been procured; and therefore the burden was cast on him to show there had been a valid contract of insurance. On the subject of burden of proof the court charged: "In this case the burden is primarily upon the plaintiff to make out the allegations of her declaration by a preponderance of the testimony; this burden may be shifted at any stage of the case, and will be, if at any time, in your opinion, the testimony preponderates in favor of the plaintiff. If on the final determination of the case you should believe that the plaintiff has not successfully carried the burden, then it would become your duty under the law to find in favor of the defendant; but if at any stage you should believe that the burden has been shifted,

then it would become your duty to weigh all of the evidence introduced, and to award your final decision to that party in whose favor the testimony finally preponderates."

The court charged: "If you believe from the evidence that, in compliance with the course of dealing between said company and plaintiff or her agent, or of an agreement with plaintiff or her agent, the Rome Fire Insurance Company, through its agents, wrote out a policy on the plaintiff's house and held the same for her use, and extended a credit to her or her agent for the premium, such a policy would be binding on the company until legally cancelled; and if not cancelled until after the loss accrued, the company would be liable to the plaintiff for the amount of the policy." Alleged to be error because not warranted by the evidence.

The plaintiff requested that the following instructions be given in charge, and the refusal to do is assigned as error: 1st. Where it is the duty of an agent to keep a house insured, no custom can be reasonable which permits an agent to rely upon a third person for the protection of the property from fire for a period of six or eight months, to such an extent as to make no inquiry to learn whether the property is insured or not, to receive no policy and pay no premium. 2d. An agent cannot delegate his authority to another person, unless specially empowered to do so; and no custom can override this principle of law. 3d. An agent of an insurance company cannot become also the agent of the insurer in the agent's company; these two positions are in conflict with each other; and no custom can place upon the insurance agent the duty of keeping the property of another insured in the agent's company, nor can any custom relieve the agent of the property-owner from this duty, where the instructions to such an agent are positive to keep the property insured.

DEAN & SMITH, for plaintiff.

C. N. FEATHERSTON, for defendant.

BLECKLEY, Chief Justice.

Whether tested by the general law irrespective of the particular custom which seems to have prevailed at Rome in the transaction of insurance business, or by that custom itself, there was a *prima facie* liability on the defendant to answer for the damages in the present case. He was the plaintiff's agent to keep the premises insured. She had reason to rely upon him and to believe that he had done so. Under the code, §2794, there could be no valid contract of insurance without writing. The duty of keeping the property insured would therefore embrace the duty of seeing that some contract of insurance in writing was kept on foot. No such contract covering the period at which this loss occurred was ever consummated, though a policy was written up and might possibly have been delivered if the local custom in respect to collecting the premium had been complied with. But that was not complied with, and hence the writing up of the policy counted for nothing. It is said that it was the company's fault that the premium was not paid, because the custom was for the companies to send out bills for premiums and in this instance no bill was sent. But it is not sufficient for an agent employed to keep up insurance to put the company in fault. The owner of the property does not want any company to be put in fault, because that would most probably involve a lawsuit. What the owner wants is to have right and regular insurance kept up, so as to avoid trouble and litigation in case loss should occur. It would be unreasonable to allow an agent to turn over a lawsuit to his principal, even though a recovery might ultimately be had, instead of a proper and regular contract of insurance, at least one fully consummated with the insurance company, instead of lacking a material element of con-

v 91-31

summation according to general law and the local usage.

The court erred in not granting a new trial.

*Judgment reversed.*