Settle order upon notice.

---

## ISRAELSON v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department. February 11, 1915.)

1. INSURANCE (§ 103*)—INSURANCE BROKERS—LIABILITY.

A person who employed an insurance broker to procure a policy of insurance, and told him that there was other insurance on the property, had a right to rely on the broker's presumed obedience to his instructions, and was not negligent in failing to examine the policy when delivered, so as to discover that it prohibited other insurance.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 130; Dec. Dig. § 103.*]

2. INSURANCE (§ 103*)—INSURANCE BROKERS—LIABILITY.

A person who employed an insurance broker to procure a policy of insurance did not, by retaining the policy without complaint, waive his rights against the broker for his negligence in procuring a policy, which provided that it would be void if there was any other insurance on the property, where insured did not know that the policy contained such provision, as a claim of waiver must rest upon knowledge on the part of the person claimed to have waived.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 130; Dec. Dig. § 103.*]

3. INSURANCE (§ 103*)—INSURANCE BROKERS—LIABILITY.

Where an insurance broker, employed to procure a policy of insurance, and told that there was other insurance on the property, negligently procured a policy with a provision against other insurance, an action against the insurance company on the policy, and a discontinuance thereof

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

upon payment of a small amount to buy peace and without any recognition of liability, did not inure to the benefit of the broker, or relieve him of liability; he not having been the agent of the company, but of insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 130; Dec. Dig. § 103.*]

Appeal from Trial Term, Queens County.

Action by Isaac S. Israelson against Harry Pushae Williams. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Frederick W. Ritter, of Long Island City (Emile E. Rathgeber, of Long Island City, on the brief), for appellant.

Adolph Feldblum, of Brooklyn, for respondent.

PER CURIAM. The defendant appeals from a judgment rendered against him in an action tried in Queens county. The trial came on before a jury. At the close of the plaintiff's case, both sides rested, and both made motions for a direction of a verdict, which was directed subject to the opinion of the court in favor of the plaintiff. Before a judgment was entered the case was reopened and further testimony taken, and the trial was continued before the court alone, which made findings and directed judgment for the plaintiff. Exceptions thereto were filed by the defendant.

The theory of the plaintiff's action is to recover damages for a breach of duty on the part of the defendant. The defendant was an insurance broker. The plaintiff's assignor, Wilson, owned a house at Eastport, Long Island. Wilson made application to Williams to negotiate a policy of fire insurance on the Eastport property, and instructed him that there was already insurance on the property. Williams, the defendant, procured a policy from the Concordia Fire Insurance Company, and delivered it to Wilson. This policy, however, contained a clause that it should be void if there was any other insurance on the property at the time it was issued, unless such additional insurance was permitted expressly. Wilson claims he did not know of this clause until after a fire took place and his house was destroyed. The plaintiff claims that the defendant became liable for the amount of the fire loss within the limits of the Concordia Insurance Company's policy, because Williams, the defendant, with full knowledge of the facts, negligently performed his duties as Wilson's agent in negotiating that policy. Williams, the defendant, was called as a witness by the plaintiff. Wilson's testimony is as to the application to Williams for a policy and what he directed him to do.

It appeared that Wilson brought suit on the policy against the Concordia Company, and that after some delay he discontinued this action, and his attorneys received $250 from that company for the discontinuance of the action. The questions then before the court were: (a) Whether Wilson had given the information as to other insurance to Williams; (b) whether Wilson had waived his rights against Wil-

liams by failing to examine the policy delivered by Williams; (c) whether Wilson's action against the Concordia Insurance Company and its discontinuance on terms did not exonerate Williams from any liability to Wilson. The court decided against Williams as to the first two questions, and reopened the case as to the third. It made a memorandum explaining its views on the entire case, especially the third question. After the additional testimony was taken, it appeared that Williams was not the agent of the Concordia Company; that the Concordia Company had resisted liability; that the money paid for a discontinuance was not paid in recognition of any liability and no release was taken, but was paid to "buy peace," and, as the Concordia Company's counsel termed it on the witness stand, as "blood money," simply to cut off the expenses of numerous trips to Riverhead and the hiring of local counsel there. The court allowed a reduction of plaintiff's claim to the extent of the $250 received from the Concordia Company.

The defendant's contentions on this appeal are: (1) Wilson should have examined the policy when Williams gave it to him, and discovered the defect, and that his failure to do so was negligence per se, and exonerated Williams, his agent. (2) Wilson, having kept the policy without complaining of it or rejecting it, waived his rights against the defendant. There are other points raised, which are simply reiterations of these two in other forms of statement. Likewise it is urged that the judgment is against the evidence.

[1, 2] The appellant cites many cases where, in actions between the insured and the insurer, it was held that an acceptance of an insurance policy by the insured, without mutual mistake or fraud, bound the insured. Doubtless this contention is correct, if applicable to the case at bar. Here, however, the action is not between the insured and the insurer, but between the insured and his own agent for a breach of duty to fulfill instructions. The respondent cites a number of authorities to the effect that Wilson had the right to rely upon a presumed obedience to his instructions on the part of his skilled agent, and was not negligent in taking steps to investigate the matter. We think the respondent is right on this point. Nor, as we think, do the facts show any waiver on the part of Wilson, for a claim of waiver must rest upon knowledge on the part of the person said to have waived, and that element is absent here.

[3] As to the weight of evidence, it is plain that the trial court gave great care to this case. The transaction between Wilson and the Concordia Company did not inure to the benefit of Williams. He was not the agent of that company, but Wilson's agent. The money was not paid in recognition of any liability.

Judgment affirmed, with costs.