## MINTER v. GEORGIA PIGGLY-WIGGLY COMPANY.

ATKINSON, Presiding Justice.   1. While there is authority for the proposition that where one undertakes to procure insurance for another, and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the amount of the agreed policy (*Thomas* v. *Funkhouser*, 91 *Ga.* 478, 481, 18 S. E. 312; *Elam* v. Smithdeal Realty &c. Co., 182 N. C. 599, 109 S. E. 632, 18 A. L. R. 1210, notes, 1214-1220; Rezac v. *Zima*, 96 Kan. 752, 153 Pac. 500, Ann. Cas. 1918B, 1035; 32 C. J. 1087, 1088, and cit.), such a rule would have no application where, as in this case, an employer, in deducting the amount of a premium from the plaintiff employee's salary, merely stated to him that he would be or had been covered by a particular master group-insurance policy, when in fact he had not at that time become eligible for such insurance, and the previously written policy did not and could not have been made to cover the employee, and where it did not appear that the employee, in relying upon such statement by the employer, failed to procure other like insurance, which otherwise he would and could have obtained.

2. The court properly dismissed the action on the general and special demurrers, on failure of the plaintiff to amend the petition after opportunity given.          *Judgment affirmed.   All the Justices concur.*

No. 11921.   DECEMBER 3, 1937.

*Hopkins & Thomas,* for plaintiff.
*Hooper & Hooper,* for defendant.