27476. FARLOW *et al. v.* BARTON *et al.*

288

DECIDED JULY 6, 1939.

*Roy V. Harris, Henry T. Chance Jr.,* for plaintiff in error.
*Clarence L. Powell,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) It appears from the undisputed evidence that plaintiffs contracted with defendants to pay for collision insurance to cover the automobile purchased for a period of 18 months, and that the defendants were under contractual obligation to procure such insurance for plaintiffs' benefit. It also appears that defendants failed to do this, and at the time of the wreck of plaintiffs' automobile by a collision it was not covered by insurance which the defendants had contracted with the plaintiffs to procure. The evidence which was offered and objected to by the defendants tended to show what the rates and charges of the C. I. T. Corporation were, and the terms of the policy of that corporation. This evidence was harmless to the defendants. The court did not err in admitting it. The court also did not err in excluding the parol testimony to the effect that the witness had been convicted of a felony and sentenced for a term of years in the penitentiary. The record of conviction, which was not accounted for, was the best evidence. *Grace* v. *State,* 49 *Ga. App.* 306 (5) (175 S. E. 384); *Howard* v. *State,* 144 *Ga.* 169 (86 S. E. 540); *Johnson* v. *State,* 48 *Ga.* 116; *Swain* v. *State,* 151 *Ga.* 375 (107 S. E. 40); *Hunter* v. *State,* 133 *Ga.* 78 (8) (65 S. E. 154).

There are no exceptions to the verdict on the general grounds. The only exceptions are as above indicated. It does not appear that the court erred in overruling the defendants' motion for new trial. *Judgment affirmed. Sutton and Felton, JJ., concur.*