30476. HEISLEY *v.* ALLIED AMERICAN MUTUAL FIRE
INSURANCE CO.

DECIDED MAY 12, 1944.

*T. O. Hathcock, Barrett & Hayes,* for plaintiff.
*Neely, Marshall & Greene, Robert P. McLarty,* for defendants.

SUTTON, P. J. Frank Heisley sued Atlanta Auto Agency, Atlanta Motor Club, and Allied American Mutual Fire Insurance Company on a parol agreement to keep his automobile insured. His petition alleged in substance that Atlanta Motor Club, hereinafter called the motor club, and Atlanta Auto Agency, hereinafter called the auto agency, were each corporations of Fulton County; that Allied American Mutual Fire Insurance Company, hereinafter called the insurance company, was a non-resident corporation with an office and agent in Fulton County, Georgia; that the auto agency was owned wholly by the motor club, and was the agency through which the motor club solicited and obtained insurance for its members; that the plaintiff was a member of the motor club and by virtue of such membership was a member of the American Automobile Association, of which the motor club was

an affiliate; that the auto agency was authorized by the motor club to contract for its club members in obtaining and maintaining insurance; that the auto agency and the motor club, acting through the auto agency, were agents of the insurance company to make contracts of automobile insurance and to contract with members of the motor club to keep the automobiles of the club members insured against loss from theft; that C. B. Bishop was vice-president of the automobile agency, and John L. Norfleet was in charge of soliciting the club members for their insurance and obtaining insurance policies from the insurance company and maintaining said insurance in force by renewals or otherwise; that Evelyn Wallace was authorized to countersign the policies in the name of C. B. Bishop and stamp the name of the auto agency on them; that each of said named individuals was authorized and recognized by each of said defendants as its representative and agent to contract with the club members for insurance and to keep the same in force; that on or about January 17, 1942, Norfleet solicited the plaintiff for insurance on his automobile and obtained a policy in the plaintiff's favor for the term of one year, from January 17, 1942, to January 17, 1943, a copy of the policy being attached to the petition as an exhibit; that "in order to obtain said insurance and premium, as an inducement to petitioner to take out said policy, said authorized agent of each of said defendants as aforesaid agreed with petitioner that he would obtain said policy and keep his said automobile insured continuously from year to year until further notified by renewal or reinsurance with same company on same terms, and that he would credit on said renewal premium any dividend coming to insured from said original policy, bill him for any unpaid premium, in the meantime extending him any necessary credit to keep his said car insured as aforesaid, and petitioner agreed to pay said remaining portion of said premium when called upon to do so. That said insurance policy as shown in exhibit A expired on the 17th day of January, 1943, and said defendants and each of them through their said authorized agents negligently failed to renew, reinsure, or maintain insurance on said automobile as they had agreed to do, even though they had in their hands . . the sum of $9.69 as a dividend from said expired policy [which sum] was sufficient to have maintained said insurance in force, by renewal or otherwise, until after April 12, the

date upon which petitioner's said automobile was stolen;" that the defendants failed to notify the plaintiff of their failure to renew or maintain said insurance in force, and thereby lulled him into false security; that if they had notified him of their failure he would have obtained like insurance and would not have suffered loss or damage from the theft of his automobile; that at the time his automobile was stolen on April 12, it had an actual cash value of $600; that by reason of the defendants' failure to maintain said insurance, he was left without insurance, to his loss and damage in the sum of $600. Judgment was sought against the defendants for that sum with interest.

The defendant Allied American Mutual Fire Insurance Company demurred to the petition upon the following grounds: (1) Because it failed to set out a cause of action against the defendant; (2) because the petition showed on its face that the plaintiff sought to recover damages for the breach of an alleged oral contract which was not to be performed within one year, and the contract was therefore void; (3) because the allegations of the petition were not sufficient to show that the defendant, acting by or through a duly authorized agent or employee, made the alleged oral contract sued on; and (4) because, under the laws of Georgia, the defendant could not make a contract of insurance with the plaintiff that was not in writing. The trial judge sustained the demurrer and dismissed the petition as to Allied American Mutual Fire Insurance Company, and the exception here is to that judgment.

A contract of insurance to be binding must be in writing, and can not be partly in writing and partly in parol. Code, §§ 56-801, 56-911; *Athens Mutual Insurance Co.* v. *Evans,* 132 *Ga.* 703 (64 S. E. 993); *Hartford Fire Insurance Co.* v. *Garrett,* 60 *Ga. App.* 816 (5 S. E. 2d, 276); *Cutright* v. *National Union Fire Ins. Co.,* 65 *Ga. App.* 173 (15 S. E. 2d, 540). The requirement that the contract of insurance must be in writing to be valid applies to all contracts of insurance. *Mitchener* v. *Union Central Life Ins. Co.,* 185 *Ga.* 194 (194 S. E. 530). An action based on a parol renewal of an insurance policy is demurrable. *Roberts* v. *Germania Fire Ins. Co.,* 71 *Ga.* 478; *Nowell* v. *Monroe,* 177 *Ga.* 648, 661 (171 S. E. 136). The plaintiff in error in the present case contends that the action is not one on the policy, which had expired before the loss, nor an action on a parol renewal of the policy, which he

concedes would be demurrable; but that the action is one for damages for breach of the parol contract, entered into at the time or before the time of issuance of the policy, to keep his automobile insured. The petition alleges that the agent of the defendants "did solicit petitioner for insurance on his automobile in said insurance company . . for the term of one year, to wit, from January 17, 1942, to January 17, 1943; and in order to obtain said insurance and premium, as an inducement to petitioner to take out said policy, said authorized agent of each of said defendants as aforesaid agreed with petitioner that he would obtain said policy and keep his automobile insured continuously from year to year until further notified by renewal or reinsurance with same company and on same terms . . extending him any necessary credit to keep his car insured as aforesaid and petitioner agreed to pay . . said premium when called upon to do so." The policy or contract of insurance entered into between the plaintiff and the defendant insurance company as the result of the negotiations between the plaintiff and the defendant's agent, besides stating that it was for a term of one year, from January 17, 1942, to January 17, 1943, provided that, "By the acceptance of this policy the insured agrees . . that this policy embodies all the agreements existing between himself and the company or any of its representatives relating to this insurance." If the parol agreement pleaded by the plaintiff be treated as a contract with the insurance company to insure the plaintiff's automobile for the term of one year, and from year to year thereafter until further notice, under the provisions of our law requiring that the entire insurance contract be in writing, that portion of the contract which was not in writing, but which was in parol and provided for insurance from year to year, would be invalid and unenforceable. Code, §§ 56-801, 56-911; *Athens Mutual Insurance Co.* v. *Evans,* supra. If the parol agreement be treated as an agreement entered into between the plaintiff and the defendant before the issuance of the policy, it was merged with the written contract, and was unenforceable against the company. "A prior or contemporaneous parol agreement which contradicts, varies, or otherwise modifies a written agreement between the same parties, and pertaining to the same subject-matter, is merged into the written agreement." *Neuhoff* v. *Swift & Co.,* 54 *Ga. App.* 651 (188 S. E. 831). If the parol agreement be treated

as a distinct and separate agreement, not connected with or part of the insurance policy, it is without any consideration to support it and unilateral, in that it does not obligate the plaintiff to carry the insurance for any additional years after the policy expired. "The agreement . . was nudum pactum, and thus constituted no legal basis for a claim of damages put forward as for a breach of contract." *Massell* v. *Fourth National Bank,* 38 *Ga. App.* 601, 607 (144 S. E. 806). Moreover, the Supreme Court of this State has held, that a contract with an insurance agent to obtain insurance in the company represented by him, and to keep the insurance in force by renewals or reinsurance from year to year until further notice, is not binding on the company for the reason that the agent, under such an agreement, is the agent of the insured to obtain the insurance as well as the agent of the company, and such an arrange-. ment is not permissible without the consent of the principal. *Croghan* v. *New York Underwriters Agency,* 53 *Ga.* 109; *Ramspeck* v. *Pattillo,* 104 *Ga.* 772 (30 S. E. 962, 42 L. R. A. 197, 69 Am. St. R. 197); *Murphy Hardware Co.* v. *Rhode Island Ins. Co.,* 153 *Ga.* 273 (111 S. E. 808). So far as ascertained from a careful search, we find that the courts have been uniform in refusing to bind the insurance company by a parol agreement or statement, made by a local agent many months before the expiration of an insurance policy, that the insurance would be kept in force upon expiration of the policy and the insured billed at that time for the additional premium.

The cases cited by the plaintiff in error are distinguishable on their facts from the present case. In *Seabrook* v. *Underwriters Agency,* 43 *Ga.* 583, the plaintiff wrote the agent to "look up" a shipper and ascertain how he was shipping certain cotton belonging to the plaintiff, and to insure the cotton to its destination. The agent, in compliance with this letter, "looked up" the shipper and advised the plaintiff that the cotton was being shipped, and led the plaintiff to believe that the agent had done all that he was instructed to do by the letter and had insured the cotton to its destination. The agent did insure a portion of the cotton, but failed to insure one lot of it, which was damaged when the ship sank while en route from Albany to Appalachicola. Under all the facts of that case, the court held: "The allegations in the complainant's bill make a prima facie case of fraud or neglect on the part of the

agent of the Underwriters Agency, in failing to effect an insurance on the cotton, . . and the court of equity having first obtained jurisdiction of the case, should have retained it until the cause was heard and determined on its merits." In the present case, no fraud is charged against the insurance company, and the contract issued by the company was in writing and recited that it contained the entire contract between the company and the plaintiff. The case of *Roberts* v. *Germania Fire Ins. Co.,* supra, cited by the plaintiff in error, held that a suit on a parol contract of renewal of an insurance policy was demurrable, and could not be amended so as to recover against the insurance company for failing and refusing to renew the policy. The cases of *Thomas* v. *Funkhouser,* 91 *Ga.* 478 (18 S. E. 312), and *Minter* v. *Georgia Piggly-Wiggly Co.,* 185 *Ga.* 116 (194 S. E. 176), cited by the plaintiff in error, deal with the individual responsibility of an agent of the plaintiff for failure to obtain an insurance policy on the property of the plaintiff, and have no application in this action, where the only issue now before the court is between the insurance company and the plaintiff.

The allegations of the petition did not set out a cause of action against the insurance company, and the court did not err in sustaining the demurrer and in dismissing the petition as against the company.

*Judgment affirmed. Parker, J., concurs. Felton, J., concurs in the judgment.*