19731. HOME BUILDING & LOAN ASSOCIATION OF LAGRANGE *v.* HESTER, Administratrix.

SUBMITTED JUNE 10, 1957—DECIDED JULY 3, 1957.

*Wyatt & Morgan, L. M. Wyatt, James R. Lewis,* for plaintiff in error.

*Thomasson & Thomasson, J. T. Thomasson, Jas. T. Thomasson, Jr.,* contra.

HAWKINS, Justice. This case is here on certiorari to the Court of Appeals. A statement of the allegations of the petition will be found in the decision of that court in *Hester* v. *Home Building & Loan Assn.,* 95 *Ga. App.* 321 (98 S. E. 2d 58), and need not be repeated in detail here. It appears from a copy of the deed from Mrs. Hill to Hester, attached to the petition as an exhibit, that she conveyed the property to him, "subject to a deed to secure debt made by the grantor to the Home Building & Loan Asso., said deed being recorded in Deed Book 85, page 471, on July 21, 1951, Troup County records." "A recital in a conveyance that the deed is made subject to a specified loan against the property is not an agreement to assume and pay the encumbrance. There must be words importing a promise to pay the debt, in order to render the grantee personally liable." *National Bondholders Corp.* v. *Parris,* 190 *Ga.* 513 (1) (9 S. E. 2d 741). See also *Alsobrook* v. *Taylor,* 181 *Ga.* 10 (181 S. E. 182). Here

394

the obligation of Mrs. Hill, the original debtor, was not extinguished, but continued, since the record discloses that the power of sale contained in her deed was exercised by the Association, and the property was sold as that of Mrs. Hill, and not as the property of Hester. The allegations of the petition that the Loan Association transferred the loan on its books to Hester, and issued to him a loan pass book, are insufficient to establish the relationship of debtor and creditor between Hester and the Association, for the reason that, under the Statute of Frauds, the promise to pay the debt of another must be in writing. Code § 20-401 (2); *Coldwell Co.* v. *Cowart,* 138 *Ga.* 233 (75 S. E. 425). It follows, therefore, that the relation of debtor and creditor did not exist as between Hester and the Loan Association, and for this reason the Loan Association would have no insurable interest in the life of Hester which would permit it to obtain and maintain a policy of insurance on his life payable to it as beneficiary. Code § 56-812; *Gulf Life Ins. Co.* v. *Davis,* 52 *Ga. App.* 464 (183 S. E. 640); *Guaranty Life Ins. Co.* v. *Graham,* 58 *Ga. App.* 767 (199 S. E. 829). However, the petition as amended and exhibits attached thereto disclose that Hester, the plaintiff's intestate, did have an equity in the property described in the deed from Mrs. Hill to him, in order to protect which it was necessary that he pay off the unpaid balance of the Hill loan secured by the loan deed executed by her to the defendant, although he had not assumed the debt under the deed to him, and so far as the petition discloses had not agreed in writing to do so. The petition alleges that it was to his interest and to that of the Loan Association that a term life-insurance policy be secured to cover the balance due on the loan, which would furnish additional security for the loan; that the Loan Association customarily performed this service for its borrowers, and through its duly authorized agent agreed to secure for Hester a term insurance policy on his life covering the amount due on the loan; to collect from Hester and remit to the insurance company the premium therefor; that the executive officer of the Loan Association informed Hester that he had term life insurance on his life, and that the loan was protected, and that Hester, having trust and confidence in what was told him by the officer

of said corporation, relied on said representation that said loan was properly covered by life insurance, and paid the premium therefor to the corporation monthly up until the time of his death, after which it was discovered that there was no such insurance; that the estate of the plaintiff's intestate was injured and damaged to the extent of the balance due on said loan by reason of the failure of the corporation to obtain the insurance for Hester, and for the recovery of which sum this suit was brought.

As held above, the Loan Association had no insurable interest in the life of Hester which would authorize it to obtain and maintain a policy of insurance on his life, but it is a well-established rule that a person has an insurable interest in his own life, and may take out a policy of insurance on his life and may name anyone he desires as his beneficiary. *Clements* v. *Terrell,* 167 *Ga.* 237 (145 S. E. 78, 60 A. L. R. 969); *Gulf Life Ins. Co.* v. *Davis,* 52 *Ga. App.* 464, 466, supra; *Wimbush* v. *Lyons,* 203 *Ga.* 273 (46 S. E. 2d 138). It is conceded by counsel for the Loan Association that a bank may act as agent for another, and upon this question see *Farmers & Merchants Bank* v. *Winfrey,* 89 *Ga. App.* 122 (78 S. E. 2d 818), and cases there cited. In *Minter* v. *Ga. Piggly-Wiggly Co.,* 185 *Ga.* 116 (194 S. E. 176), it is held that, where one undertakes to procure insurance for another, and is guilty of fraud or negligence in his undertaking, he is liable for loss or damage to the limit of the amount of the agreed policy. The amended petition, therefore, stated a cause of action for damages due to a breach of a contract to procure insurance. *Farmers & Merchants Bank* v. *Winfrey,* supra; *Bell* v. *Fitz,* 84 *Ga. App.* 220 (66 S. E. 2d 108). The trial court erred in sustaining a general demurrer thereto. For the reasons above stated, we cannot follow the opinion of the Court of Appeals, but we do agree to the judgment rendered by that court reversing the judgment of the trial court.

*Judgment affirmed. All the Justices concur except Wyatt, P. J., disqualified. Duckworth, C. J., concurs specially.*

DUCKWORTH, Chief Justice, concurring specially. I concur in the judgment because I think there was an interest insurable here because of the relationship voluntarily and fully assumed by the bank and the person to be insured.