21335. CONSUMERS FINANCING CORPORATION
v. LAMB, Administratrix.

Argued September 11, 1961—Decided October 11, 1961—
Rehearing denied October 24, 1961.

362

*Homer S. Durden, Jr., Myrick, Myrick & Richardson,* for plaintiff in error.

*Spivey & Carlton,* contra.

QUILLIAN, Justice. ■ Plaintiff in error, defendant below, argues strenuously that the plaintiff had an adequate remedy at law without invoking the aid of equity and seeking injunctive relief. It is well settled, however, that equity will assume juris-

diction where one's remedy at law is not as complete or would be more difficult (*Goolsby v. Board of Drainage Commissioners,* 156 Ga. 213, 214 (6), 119 SE 644; and *City of Macon v. Ries,* 179 Ga. 320, 327, 176 SE 21); and that the remedy at law must be as effective and efficient to the ends of justice as the equitable remedy. *Atlantic Coast Line R. Co. v. Gunn,* 185 Ga. 108, 111 (194 SE 365). Equity will intervene, and injunction is proper, to prevent a multiplicity of actions. *Blaisdell v. Bohr,* 68 Ga. 56; *Harris v. Rowe,* 200 Ga. 265, 272 (4) (36 SE2d 787); *City of Atlanta v. Aycock,* 205 Ga. 441 (53 SE2d 744).

Here the allegations of the petition show that there was a nexus between the parties in that they were all concerned and involved with a single transaction. *Brumby v. Board of Lights & Waterworks,* 147 Ga. 592, 597 (95 SE 7); *Abernathy v. Rylee,* 209 Ga. 317, 321 (72 SE2d 300). Further, plaintiff might not obtain complete relief in one action without joining all the parties to the transaction. Hence, this is a case where resort may be had to equity. *McLaren v. Steapp,* 1 Ga. 376; *East Atlanta Land Co. v. Mower,* 138 Ga. 380 (75 SE 418); *First National Bank of Sparta v. Wiley,* 150 Ga. 759 (105 SE 308).

■ The defendant's contention that it was a holder in due course is not relevant to this action. The defendant had knowledge of the agreement to procure the insurance, and, by its acts, was a party to such agreement. The defendant, under the allegations of the petition, owed the plaintiff the duty to procure credit life insurance. *Home Building & Loan Assn. v. Hester,* 213 Ga. 393 (99 SE2d 87); *Atlas Auto Finance Co. v. Atkins,* 79 Ga. App. 91 (53 SE2d 171); *Bell v. Fitz,* 84 Ga. App. 220 (66 SE2d 108); *Farmers & Merchants Bank v. Winfrey,* 89 Ga. App. 122 (78 SE2d 818).

Further, the plaintiff clearly was seeking recovery against Consumers and Franklin as his agents to procure the policy. It would place an unwarranted construction on the obvious and unambiguous language of the petition to say that it was alleged that Consumers was an agent of Prudential Life Insurance Company.

■ The alleged acts of Consumers regarding its normal business practice and, in particular, this transaction, and their acceptance of the benefits in the form of the note, conditional-

sale contract, payments on the note and the insurance premium, indicate a ratification of the agreement made by the president of Franklin (*Code* §§ 4-302 and 4-303), and show such part performance on the part of the deceased as to estop Consumers from attacking the agreement as oral and in conflict with any written provisions. *Finney v. Cadwallader*, 55 Ga. 75; *McLeod v. Hendry*, 126 Ga. 167 (54 SE 949). In this case there appears to be no conflict present, but rather an explanation of any ambiguity and a showing as to what constituted the entire contract. *Code* §§ 38-502, 38-504.

*Judgment affirmed. All the Justices concur.*