40963. S & A CORPORATION v. BERGER & COMPANY, INC.

Decided January 5, 1965—Rehearing denied January 25, 1965.

*Fine & Rolader, A. J. Block, Jr.,* for plaintiff in error.
*T. J. Long, Ben Weinberg, Jr.,* contra.

Nichols, Presiding Judge. ■ Plaintiff here contends that because the defendant contracted with plaintiff to procure insurance on plaintiff's property in the amount stipulated in the

contract ($7,500), and then negligently failed to procure same constituted a breach of the contract and for which defendant is liable to plaintiff for the damages occasioned by and arising out of such breach of contract. In support of its contentions plaintiff cites several cases, as follows: *Consumers Financing Corp. v. Lamb,* 217 Ga. 359 (122 SE2d 101); *Home Building &c. Assn. v. Hester,* 213 Ga. 393 (99 SE2d 87); *Farmers & Merchants Bank v. Winfrey,* 89 Ga. App. 122 (78 SE2d 818); *Minter v. Georgia Piggly Wiggly Co.,* 185 Ga. 116 (194 SE 176); *Bell v. Fitz,* 84 Ga. App. 220 (66 SE2d 108); and *Farlow v. Barton,* 60 Ga. App. 287 (3 SE2d 777). Each of the cases cited, however, with the exception of *Minter v. Georgia Piggly Wiggly Co.,* supra, is a case where liability was imposed where the plaintiff had paid and the defendant had accepted a premium for insurance which was never procured. In *Minter v. Georgia Piggly Wiggly Co.,* supra, the factual situation was somewhat different in that although the employer had in fact accepted premiums under a master group policy, the plaintiff had not and could not, become eligible to receive benefits under the previously written policy. It not being made to appear in that case that the employee had failed to procure other insurance coverage because of any statement made by the employer the suit was dismissed on general demurrer. None of the cases cited by plaintiff have any application to the case at bar for the reason that although the insurance policy was in the possession of the plaintiff, prior to and at the time of the fire, the premium on said policy had not been paid.

While it is true, under the record in this case, the defendant did fail to procure the amount of insurance coverage contracted for, yet it was the plaintiff's own negligence in failing to check the amount of the policy coverage that was the proximate cause of plaintiff's loss. *Code* § 105-603. Having the policy in its possession prior to the fire plaintiff was charged with the knowledge of the terms and conditions of the policy, namely and in particular that the policy coverage was for only $3,000 and not $7,500 as contracted for between the parties. *Fields v. Goldstein,* 97 Ga. App. 286 (102 SE2d 921). Consequently the plaintiff being, under the law, charged with knowing the terms and

conditions of the policy, any negligence, if any, on the part of the defendant in failing to procure the amount of insurance coverage contracted for could have been avoided by the plaintiff and therefore a finding for the defendant is demanded.

There being no genuine issue as to any material fact left to be determined in this case the trial court did not err in granting defendant's motion for summary judgment.

*Judgment affirmed. Russell, J., concurs. Hall, J., concurs specially.*

HALL, Judge, concurring specially. I reluctantly concur with the opinion for the reason that we are bound by the Supreme Court's affirmance (*Fields v. Goldstein*, 214 Ga. 277, 104 SE2d 337) of *Fields v. Goldstein*, 97 Ga. App. 286, 288 (3) (102 SE2d 921). In my opinion, the better rule is that the question whether the failure to procure an adequate policy was due to the plaintiff's own negligence in not reading his policy should be submitted to the jury. The following authorities support this view: Elam v. Smithdeal Realty & Ins. Co., 182 N.C. 599 (109 SE 632); Ursini v. Goldman, 118 Conn. 554 (173 A 789); Shapiro v. Amalgamated Trust & Sav. Bank, 283 Ill. App. 243; Harris v. A. P. Nichols Invest. Co., (Mo. App.) 25 SW2d 484; Israelson v. Williams, 166 App. Div. 25 (151 NYS 679); Glisson v. Stone, 4 Tenn. App. 71; 29 ALR2d 196; 29 Am. Jur. 563, § 165. As distinguishing between the liability of an insurance broker and the insurance company, see *Thomas v. Funkhouser*, 91 Ga. 478 (18 SE 312) and *Heisley v. Allied American Mut. Fire Ins. Co.*, 71 Ga. App. 107, 112 (30 SE2d 285).