## 66108. CHARLES PARROTT & ASSOCIATES, INC. v. HUNT.

McMurray, Presiding Judge.

Marvin Hunt, d/b/a Hunt Trucking Company, was the insured under a certain insurance policy issued by Reliance Insurance Company through its agent, Charles Parrott & Associates, Inc., providing insurance on several vehicles owned by Hunt and used in his trucking business. This policy was issued for a period from "10/18/78 to 10/18/79." The policy was signed by Charles Parrott & Associates, Inc., as authorized representative for the insurer, with the signature appearing to be Charles Parrott. Hunt by telephone to the office of the insurance agency on some date in the first part of May 1979, the exact date being in dispute, requested additional insurance with reference to additional vehicular equipment he had purchased. Hunt contends that around the first of May 1979, having purchased another tractor and a certain 1966 Fruehauf trailer, he wanted these added to the policy. However, the agency contends that he sought additional insurance on different dates as to this equipment. Eventually, Charles Parrott & Associates, Inc. issued an amendment to the policy as to the tractor, the amendment showing an effective date of "5-4-79," countersigned by the authorized representative, Charles Parrott & Associates, Inc., with a signature (which appears to be in facsimile form as Charles Parrott). On May 11, 1979, the trailer in question was destroyed in a wreck in Mississippi, and this wreck was duly reported to Reliance Insurance Company through Charles Parrott & Associates, Inc. However, at that point in time the policy had not been amended by endorsement showing any coverage and, indeed, the policy was never endorsed to show any such coverage as to the trailer.

Whereupon, Marvin Hunt, d/b/a Hunt Trucking Company, filed an action in four counts against both Reliance Insurance Company and Charles Parrott & Associates, Inc. Count 1 sought damages against Charles Parrott & Associates, Inc. for certain cargo losses due to negligence in the issuance of an inland marine policy covering same. Count 2 was against Reliance Insurance Company for its failure and refusal to pay a claim under the inland marine policy. Count 3 sought damages for the negligence of the defendant Charles Parrott & Associates, Inc. because of its failure to notify Reliance Insurance Company to add coverage on the trailer, alleging Reliance Insurance Company refused to pay said claim, seeking the fair market value of the trailer ($4,500) and $2,250 for loss of use of the trailer for five months. Because the defendant Charles Parrott & Associates, Inc. had acted in bad faith causing him unnecessary

trouble and expense, plaintiff also sought a reasonable sum as attorney fees and cost of litigation. Count 4 sought the value of the vehicle ($4,500) at the time of the loss and defendant's bad faith refusal to pay the claim seeking an additional sum of 25% of the liability of the insurer for the loss and all reasonable attorney fees for the prosecution of the case.

The defendants answered separately, in substance, denying the claim. We note here that the defendant Charles Parrott & Associates, Inc. admitted jurisdiction, the existence of the vehicle insurance policy having been applied for and issued, the receipt of notice of the loss and alleged that "on May 11, 1979," plaintiff had telephoned defendant's office and furnished information for the purpose of securing an endorsement on the policy referred to, otherwise denying the remaining averments. Plaintiff, prior to trial, dismissed with prejudice Counts 1, 2 and 4, and eliminated claims for cargo loss and his claim against Reliance Insurance Company for the trailer loss. The case proceeded to trial on Count 3 alone against Charles Parrott & Associates, Inc., and the jury returned a verdict against the defendant in favor of the plaintiff in the amount of $3,000 and the additional amount of 15% or $450. The judgment then followed the verdict in that the jury having returned a verdict for $3,450 the same was made the judgment of the trial court. The defendant then filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. These motions were amended, and after a hearing each motion was denied. Defendant appeals. *Held:*

1. Defendant's first enumeration of error is that the trial court erred in denying its motion for directed verdict and motion for judgment notwithstanding the verdict, contending the only issue was as to whether the defendant had negligently failed to secure from Reliance Insurance Company an endorsement of an oral binder to provide insurance coverage and whether this was the proximate cause of any damage to the plaintiff. Defendant contends that it had made an oral binder and such notice was sent to Reliance but there was no evidence that Reliance ever contended that such binder had not been made or any notice received by it. Therefore, the plaintiff's claim for insurance coverage should be a claim against Reliance only, which claim the plaintiff had dismissed after the suit was filed and before trial. However, a reading of the evidence discloses many and numerous conflicts in the evidence as to when the request for coverage was made, whether the coverage was ever bound as to Reliance and whether or not the insurance agent could bind Reliance verbally or in writing as to the vehicle loss. We note here that the endorsement as to the tractor (plaintiff contending he desired

insurance on the trailer at the same time) shows defendant as the authorized representative issuing same, yet no such endorsement was ever issued as to the trailer. Further, it is unquestioned that Reliance never acknowledged any insurance being in existence as to the trailer as having been added to the motor vehicle policy. There is some evidence that the defendant was an independent insurance agent, yet there is other evidence that it was an authorized agent for the insurance company in that both the policy and the endorsement were issued and countersigned by the defendant. No other evidence was offered that the defendant was the duly authorized agent, employee and servant of the insurance company acting in the prosecution of the company's business and within the scope of its authority. Generally, in this state, insurance agents in many instances are the agents of both the insured and the insurer. Further, where one undertakes to procure insurance for another and is guilty of fraud or negligence in the undertaking he is liable for loss or damage to the limit of the agreed policy. See *Minter v. Ga. Piggly-Wiggly Co.,* 185 Ga. 116 (1) (194 SE 176); *Home Bldg. & Loan Assn. of LaGrange v. Hester,* 213 Ga. 393, 395 (99 SE2d 87); *Consumers Financing Corp. v. Lamb,* 217 Ga. 359 (2), 363 (122 SE2d 101); *Clark v. Kelly,* 217 Ga. 449 (122 SE2d 731); *Beiter v. Decatur Fed. Savings & Loan Assn.,* 222 Ga. 516, 518 (2) (150 SE2d 687). Under the circumstances here there was evidence, in the record, from which the jury could believe that the defendant was an independent insurance agent who failed to obtain an endorsement to the policy; or, having authority from its insurer as an agent, failed to issue an endorsement to the policy and is therefore personally liable to the plaintiff (the applicant) in damages for a breach of an agreement to procure the insurance; or plaintiff was simply negligent in failing to issue the endorsement prior to the loss. See *Beavers Ins. Agency v. Roland,* 135 Ga. App. 263 (217 SE2d 484). While there was conflicting testimony as to whether the insurer would be verbally bound by a statement by the defendant that the plaintiff was covered, the written policy itself shows the endorsement was never issued with reference to the vehicular loss. There is also conflicting testimony as to the coverage desired. Therefore, a jury question existed as to the relationship between the plaintiff and the defendant, as well as to any negligence on the part of the defendant. If an agent negligently fails to procure insurance for his principal the agent is liable to the principal for any resulting loss. See *Thomas v. Funkhouser,* 91 Ga. 478 (18 SE 312); *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268, 270 (210 SE2d 801). With reference to dual agency see *Spratlin, Harrington & Thomas, Inc. v. Hawn,* 116 Ga. App. 175, 179 (156 SE2d 402). But even if a contractual arrangement existed between the insurer and the

defendant, placing it in the position of an agent for the insurer to issue policies or endorsements as authorized representative, yet such agency relationship did not in and of itself relieve the agent of any responsibility or agreement with the plaintiff to obtain insurance. See *Todd v. German American Ins. Co.,* 2 Ga. App. 789 (59 SE 94); *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268, 270-271, supra. The first enumeration of error is not meritorious.

2. The second enumeration of error complains the trial court erred in permitting plaintiff, over objection, to testify with reference to a conversation in which he had a big argument with Mr. Charles Parrott "concerning the identification of the Fruehauf trailer or anything in connection with the loss," and in response thereto he testified he had this argument around the first of February and that Parrott had failed to file "a filing with Georgia Public Service Commission [even though for five months he had paid insurance] and he [Parrott] never made the — the filing," thereby preventing plaintiff from getting a certificate to operate, therefore for five months he was down and out of business, although paying the insurance. Upon objection to this testimony that it was prejudicial, immaterial and irrelevant as a matter entirely different from the point in question and had nothing to do with this case, the court overruled the objection as being with reference to expenses of litigation; that is, there being a jury question to determine whether or not the defendant had been unnecessarily litigious, had refused to cooperate and had not done its duty by the plaintiff insofar as the policy is concerned, and allowing the testimony only as to relationship between the parties. After that ruling, counsel for plaintiff moved on to some other issue in the case and did not return, and this is the only testimony with reference to the "big argument." We do not consider the overruling of the objection amounted to an emphasis by the court to the jury as to the claim of the plaintiff for damages for the expenses of litigation as being prejudicial to the defendant in that it involved an issue with reference to matters other than the negligence or non-negligence of the defendant. At most, the evidence was allowed to show the defendant's attitude, motive and intentions in its dealings with plaintiff, although plaintiff had paid premiums for its insurance policies and defendant's lack of interest in investigating or following up the failure of the insurer to add the trailer to the policy whether or not the defendant had authority to add the trailer itself as an authorized representative of the insurer. Evidence of other transactions or occurrences is admissible if it is relevant to the particular instance and does not place too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise. See *Ludwig v. J. J. Newberry Co.,* 78 Ga.

App. 871 (2), 876 (52 SE2d 485); *Security Life Ins. Co. v. Newsome,* 122 Ga. App. 137, 138 (2) (176 SE2d 463); *Terry v. Fickett,* 199 Ga. 30, 31 (8), 38 (33 SE2d 163). Further, counsel for defendant did not make a motion at the time the plaintiff responded to the question but after counsel had proceeded to another question and did not move to strike or exclude such evidence. The objection was properly overruled. See *Fluker v. State,* 184 Ga. 809 (4) (193 SE 749); *Gunter v. Logue,* 138 Ga. App. 868, 870 (6) (227 SE2d 773); *Bransome v. Barton,* 154 Ga. App. 799, 801 (3) (270 SE2d 55).

3. The third enumeration of error complains that the trial court erred in authorizing the jury to award damages up to 25% of whatever amount they found to be defendant's liability and to include therein or in addition thereto, an award of attorney fees as there was no provision of law as to 25% damages if defendant was found to have been stubbornly litigious or caused plaintiff unnecessary trouble or expense; and there was no evidence to prove any amount of attorney fees. The court did instruct the jury that if it was found from the evidence that the defendant had damaged plaintiff then it would proceed to determine whether or not there was any bad faith or unnecessary litigiousness, that is, had defendant caused plaintiff unnecessary trouble and expense. The court referred to the fact that plaintiff had asked "for such damages in an amount not to exceed 25 percent of the amount you will have already found the corporation to be liable for as damages for lack of ordinary care," if the jury found the defendant "has been stubbornly litigious or has caused the Plaintiff unnecessary trouble and expense." Further, if defendant had acted in bad faith the jury would be further authorized to award the plaintiff as part of this award, attorney fees, that is, "such sums as you find from the evidence to be allowable or earned as the result of this." But if the jury found no bad faith, or stubborn litigiousness "your investigation would end at that point and you would not further consider that question." The court also charged that if they found there was bad faith or stubborn litigiousness "then you would determine whether there were actual damages as a result thereof . . . and your next duty would be then to find the amount, not to exceed the aforesaid 25 percent of the main award." The plaintiff did request, in Counts 2 and 4, 25% of the principal sum against the insurer, plus a reasonable sum as attorney fees. However, in Count 3, the plaintiff merely sought cost of litigation and a reasonable sum as attorney fees based upon the alleged bad faith, unnecessary trouble and expense. No maximum sum of 25% was made in those pleadings. Nevertheless, the court did not charge, as the defendant contends, "authorizing the jury to award damages up to" 25% additional damages, merely instructing the jury that it could not exceed 25% of

the actual damages determined if they then determined there was bad faith and unnecessary or stubborn litigiousness.

In another enumeration of error defendant complains the trial court erred in denying the motion for new trial in that the charge to the jury regarding an award of attorney fees as part of damages when there was admittedly no evidence to support the award of attorney fees, which instruction was erroneous and prejudicial to the defendant. We deal with both of these enumerations of error here.

First of all, the jury did not award any amount for attorney fees, but found for the plaintiff in the amount of $3,000 and an "additional amount of 15%, or $450.00," and the judgment thereafter was for $3,450. Second, the only objection to the charge, when the defendant was given a suitable opportunity to make such objection at the end of the trial, was "the damages as to attorneys fees were in error. There's no evidence here on which they could base a finding." The jury returned no amount for attorney fees. Hence, the objection with reference to same is not meritorious. There was no objection whatsoever to the charge as to bad faith and unnecessary or stubborn litigiousness. Despite the fact that the trial court was in error in using the figure that any amount returned for same could not exceed 25% of any damages for lack of ordinary care, the charge complained of has been waived by the failure to make objection when a suitable opportunity was given for such objection under OCGA § 5-5-24 (a) (formerly Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078)). See *Thibadeau Co. v. McMillan,* 132 Ga. App. 842, 844 (3) (209 SE2d 236); *Wright v. Dilbeck,* 122 Ga. App. 214, 224 (17) (176 SE2d 715); *Hall v. Middleton,* 154 Ga. App. 310 (268 SE2d 364); *Nathan v. Duncan,* 113 Ga. App. 630, 631 (6) (149 SE2d 383); *Albea v. Jackson,* 236 Ga. 690, 691 (1) (225 SE2d 46). For the foregoing reasons neither of these enumerations of error is meritorious.

4. The remaining enumeration of error is one in which the defendant contends that the evidence does not support a verdict for the plaintiff in any amount, contending that the evidence shows conclusively that the defendant by and through its agents and employees did exactly what it was requested and required to do, issued an oral binder for coverage of the trailer and forwarded an endorsement request to the insurer and there is no evidence that Reliance contended that same was not received and accepted by it. On this issue the conflict is considerable in that it appears that the defendant may have had authority to issue an endorsement to the policy which was not done and the so-called agency memo to the insurer showing the date "5-11-79" and effective date of change "5-11-79" (the loss occurring on May 11, 1979) fails to show any

action on the part of the insurer with reference to same. Defendant contends there is no evidence that the insurer did not receive the binder or that it denied the authority of the defendant to make an oral binder. Yet the policy does not include any such endorsement and there is no evidence that the defendant ever issued the endorsement (if it had authority to amend the policy as it did with reference to the other motor vehicle and in issuing the original policy). There was no evidence of any follow-up by any employee with reference to the endorsement or amendment to the policy to add the trailer. We do not find the verdict in the case to be contrary to the evidence and without evidence to support it. There is no merit in this complaint.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED JUNE 23, 1983.

*Eugene A. Epting,* for appellant.
*Verlyn C. Baker,* for appellee.